JAMES E. WATKINS AND OTHERS v. H. H. EDWARDS AND JAMES H. STARR, ADMINISTRATORS.

To postpone a prior unregistered conveyance, in favor of a subsequent vendee, it must appear, that he had *bonâ fide* paid the purchase-money, and had neither actual, nor constructive notice, of the title of the prior vendee.

The recital of the payment of the purchase-money, in the deed of the subsequent vendee, is not evidence against the prior purchaser.

It is no objection to the validity of a deed, or conveyance, under the statute, that it is not recorded, except as to creditors, or subsequent purchasers.

The notice of title, given by possession, is equivalent to the constructive notice afforded by the registration of the deed.

The possession, by tenants of the prior purchaser, of parts of a tract of land, is sufficient to put a second purchaser upon inquiry, as to the prior title.

APPEAL from Anderson. Tried below before the Hon. John Gregg.

This was an action of trespass to try title, brought by the appellees, as administrators of Frost Thorn, deceased, against James E. Watkins and Seaborn J. Robinson, to recover one league and a half of land, a part of eleven leagues granted to Jose Peneda, by commissioner Vincente Aldete, on the 4th of

April, 1834, and conveyed to the appellee's intestate, by an act of sale, of the concession by virtue of which the said grant was issued, executed by Peneda on the 18th of September, 1830, before the Alcalde of Nacogdoches.

At the first term of the court, the appellant, Jesse Duren, by consent, made himself a party defendant, as the landlord of the other defendants, (though upon the trial, it appeared that they were purchasers from him, of that part of the land claimed by them ; but the terms or conditions of their purchases, were not shown.)   Duren claimed to have acquired the land, on the 29th September, 1856, as a *bonâ fide* purchaser, without notice of the title of plaintiffs' intestate, by a purchase of the said eleven league grant, in consideration, as recited in his deed, of $10,000, from Daniel Dailey ; who, he also alleged, was an innocent purchaser of the same, in consideration of $10,000, from the heirs of Peneda, by a deed executed on the 3d June, 1856. The appellees admitted the death of Peneda, and that the vendors of Dailey were his heirs ; but there was no proof, that either Duren, or Dailey, had paid any part of the purchase-money, nor any effort to prove payment, except by the recitals in the deeds.

In rebuttal, the appellees proved, that Watkins leased from them, on August 12th, 1855, until January 1st, 1857, "*the premises on which he lived ;*" and that on the 17th of January, 1854, Robinson contracted with their intestate, Thorn, for the purchase, as shown by a memorandum in writing, of two tracts of land, one of about two hundred and fifty acres, the other of four hundred acres, out of the land sued for, but had not paid the purchase-money.   And it was admitted, that the appellants had entered upon the land, under the said contract and lease, prior to the purchase by Dailey from the heirs of Peneda, and had continued in possession, claiming and holding under the same, until after the purchase by Duren, from whom they, subsequently to that time, purchased and claimed to hold.

*T. J. Word,* for the appellants.—It is respectfully submitted,

that the first charge erroneously expounds the law, and that, too, to the prejudice of the appellants. It holds, that to take a *quit-claim deed* to land, the vendor not being in possession, nor holding the *testimonio* or other title, the vendor claiming as heir of an ancestor, who has sold during his life, fixes the purchaser with notice of the sale by the ancestor. We cannot assent to this proposition as applicable to this state; we presume there are but few cases in which, during the confusion that prevailed here, at the time these transactions occurred, the original grantee from the government preserved his evidence of title. And we are not aware of any law of this state, or of any law applicable to land title in this state, that makes the mere possession of the *testimonio* by the grantee, evidence that he has not sold the land mentioned in it; nor are we aware of any law in this state, or applicable to the land titles of the state, that makes the want of that possession, *notice* that the lands have been sold. There are but two kinds of notice known to the law, the one actual, and the other constructive. The registry laws are but constructive notice. And the statute, Hartley's Dig., Art. 2777, points out what shall be notice; "actual notice, or reasonable information of the grant, deed," &c. Now, we submit, that the want of possession of the *testimonio*, by the heirs, the vendors of Dailey, would afford no *reasonable information* to Dailey, that the land had been sold. And that is not the kind of notice held to be sufficient in the cases of Briscoe v. Bronaugh, 1 Texas Rep. 326; and Wethered v. Boon, 17 Id. 143; where the subject of notice is examined. Again, in the case of Carder v. McDermett, 12 Id. 546, the question was directly presented to the court, whether one out of possession could make a valid sale; and the court say: "*The fact that land is in the adverse possession of another, whether the owner be disseised, dispossessed, or by whatever name denominated, is no restraint upon the owner's right of alienation in this state.*" We are aware that such sales, in many of the states, are declared void; but the state of things is wholly different from what exists here.

The second charge given is believed to be erroneous. The

rule is universal, that the plaintiff must recover, on the strength of his own title, and not on the weakness of his opponent's. The deeds of both plaintiff and defendants, are *quit-claim deeds*. The plaintiff proved no payment of the purchase-money, *outside of his own deed*. In addition to the purchase-money, he had bound himself to pay the government dues. The plaintiff proved the payment of these dues; but no proof was offered as to the *consideration-money*, mentioned in the deed, except the *deed itself*. Was it not calculated to mislead the jury, and to induce the belief in their minds, that the defendants, claiming under the same kind of deed, had something more to prove than the plaintiff? The court charged, that, "the plaintiff's title being the older, in order that the defendants put themselves in the situation of innocent purchasers, without notice of the plaintiff's title, *they should prove that they had paid the purchase-money for the land, with testimony independent of the deeds.*" The rule is believed to be, that the deed itself is *primâ facie* evidence of the payment mentioned in the deed, and throws upon the opposite party, by proof, to show that it was not paid, or, to throw some suspicion on the receipt in the deed mentioned. (Short v. Price, 17 Texas Rep. 397, 402; 4 Kent's Com. 465.) And when no consideration is expressed in a deed, the true one may be proved, (Stramler v. Coe, 15 Texas Rep. 211;) but when it is expressed, it is not necessary to be proved, unless assailed. It is true, that in the case of Boone v. Chiles, 10 Peters, Rep. 177, 210, a different rule is laid down, but no authorities are cited, and we think this case is not supported by authority.

And it is to be kept in mind, that the cases in 10 Peters, and 16 Alabama Reports, were equity cases, in which the consideration was directly attacked; and the rule in such cases is different; the consideration, when attacked, must be proved to have been paid. But, in law, a seal imports a consideration. And this was an action to try title, and is to be governed by the rules of common law. The distinction is well drawn in the case above referred to. (Short v. Price, 17 Texas Rep. 379; Adams' Equity, 78–92, 98.)

*George F. Moore,* for the appellees.

WHEELER, C. J.—Both plaintiffs and defendants claim to have derived their title from the same grantee from the government, the former by a conveyance from the grantee himself; the latter by subsequent purchase, and conveyance, from the heirs of the grantee. The defendants claim that they, and their immediate vendor, are innocent purchasers, without notice of the prior conveyance to the plaintiffs' testator. Are they such innocent purchasers ?

To entitle a subsequent vendee to have a prior unregistered conveyance, postponed to his subsequent conveyance, it must appear: 1st. That he was a purchaser, *bonâ fide ;* 2d. That he purchased without notice, actual or constructive, of the title of the prior vendee. It must appear, that the purchase-money was *bonâ fide* and truly paid ; a recital of that fact in the deed is not sufficient. It must be proved by evidence, independently of the recitals in the deed. That this is necessary to support the plea of innocent purchaser, is well settled. (Nolen v. Gwyn, 16 Ala. Rep. 725; High v. Batte, 10 Yerger, 335; Hardingham v. Nicholls, 3 Atk. 304; Jewett v. Palmer, 7 Johns. Ch. Rep. 65 ; Williams v. Hollingsworth, 1 Strob. Eq. Rep. 103 ; Boone v. Chiles, 10 Peters, Rep. 177, 211.) As between the parties, in a suit for the specific performance of an agreement to convey, a recital in the agreement, that the purchase-money had been paid, may be sufficient *primâ facie* evidence of the fact. (Short v. Price, 17 Texas Rep. 397.) But it is otherwise, as to third persons, whose rights are to be thereby affected. The recital is not evidence against them ; but is considered as but the declarations of a stranger. The defendants introduced no evidence of the payment of the purchase-money, or of any consideration given for their purchase; in this essential particular, the plea of innocent purchaser, was wholly unsupported by evidence.

But further ; to sustain the plea of innocent purchaser, the subsequent purchaser must have purchased without notice, actual or constructive, of the prior title or conveyance. (Hart. Dig.,

Art. 2777 ; 4 Kent, Com. 456 ; 7 Johns. Ch. Rep. 65; Dixon v. Lacoste, 1 Sm. & Marsh. 70 ; McCaskle v. Amarine, 12 Ala. Rep. 17.)    It is no objection to the validity of a deed or conveyance, under the statute, that it is not recorded, except as to creditors and subsequent purchasers.    If not recorded, it is good and effectual to pass the title, as against the grantor and his heirs and devisees.    " Registration," says the statute, " as between the parties and their legal representatives, and all subsequent purchasers and creditors, with actual notice, or reasonable information of the grant, deed, or instrument, shall not be deemed requisite, in order to its full effect, validity, and priority, according to its intrinsic nature."    (Hart. Dig., Art. 2777.)    Notice of the unregistered deed or conveyance, by the subsequent purchaser, previous to his purchase, will countervail the effect of the prior registry of his deed, and destroy his pretensions, as a *bonâ fide* purchaser.    Registration, it has been said, was designed to furnish a substitute for livery of seisin, which had been dispensed with.    It furnishes the means of information as to the state of the title, by the use of proper diligence, and amounts to constructive notice, or sufficient notoriety, or information reasonably sufficient to protect honest purchasers against prior secret conveyances and fraudulent incumbrances.    And it is well settled in this country, and in England, that the notice of title given by possession, is equivalent to the constructive notice afforded by registration of the deed.    (McCaskle v. Amarine, 12 Ala. Rep. 17 ; Dixon v. Lacoste, 1 Sm. & Marsh. 70, 107, and cases cited ; Daniels v. Davison, 16 Vesey, 249.)

In the case of Daniels v. Davison, Lord ELDON said : "Where there is a tenant in possession, under a lease, or an agreement, a person purchasing part of the estate, must be bound to inquire on what terms that person is in possession. * * My opinion, therefore, considering this as depending upon notice, is, that this tenant, being in possession under a lease, with an agreement in his pocket, to become the purchaser, these circumstances, altogether, give him an equity, repelling the claim of a subsequent purchaser, who made no inquiry as to the nature of his possession."    It

was accordingly held, that the possession of a tenant is notice to a purchaser, of the actual interest he may have, either as tenant, or by an agreement to purchase the premises. So, in Hanbury v. Lichfield, 2 Mylne & R. 629, it was held, that where a tenant is in possession of the premises, a purchaser has implied notice of the title. Apart from any registry, possession ought to put the purchaser on inquiry. (Woods v. Farmere, 7 Watts, 382.) "Possession by the vendee," said Chief Justice SHARKIE, "is evidence to creditors and purchasers, of the conveyance; or, at least, it is so strong a circumstance, that it is now uniformly regarded as sufficient evidence of notice." (1 Sm. & Marsh. 107.) In the language of the court, in Pritchard v. Brown, 4 N. Hamp. 307, "It is not to be presumed, that any man, who wishes to purchase land honestly, will buy without knowing what are the claims of a person who is in the open possession of it."

The possession of the plaintiffs' tenants was certainly sufficient to put the purchaser on inquiry, which must have led to a knowledge of the plaintiffs' title. It is, therefore, in judgment of law, notice to the purchaser of that title.) (Wethered v. Boon, 17 Texas Rep. 143.) He ought to be deemed to have "reasonable information" of a fact, who has the means of information afforded him, and whose situation makes it his duty to inquire of those from whom the information may be obtained.) Such was the case of the defendant, Duren, and his vendor, Dailey. It is admitted, that, at the time of their respective purchases, the plaintiffs were in possession, by their tenants, under leases or agreements for the purchase of the land. The defendants are, therefore, affected with notice, and cannot claim the protection of innocent purchasers. The plaintiffs' older title must, therefore, prevail over the title under which the defendants claim.

As the fact of possession was admitted, and there can be no question or dispute of the fact, and the legal consequence is, that the subsequent purchaser is affected with notice, which is equivalent to registration, it is unnecessary to decide the ques-

tion whether the plaintiffs' title is to be deemed to have been of record within the meaning of the laws upon the subject of registration; and the charge of the court upon that question, and the other matters complained of, becomes immaterial, and need not be examined. Upon the notice arising from the admitted fact of possession, the plaintiffs were clearly entitled to recover, whatever might have been the law, or the ruling of the court, upon the other questions presented. We are of opinion, therefore, that there is no error in the judgment, and it is affirmed.

Judgment affirmed.