## B. F. MOORE V. JOHN CURRY.

1. To enable a claimant of land under a recorded junior deed to recover the land from a claimant under an unrecorded senior deed, it is necessary that he should prove that he purchased the land for a valuable consideration, and without notice, either actual or constructive, of the previous unrecorded deed.

2. A purchaser of land for a valuable consideration, and without notice, takes a good title, though his vendor be chargeable with notice of an outstanding unrecorded title.

APPEAL from Freestone. Tried below before the Hon. A. G. Perry.

The facts of this case are sufficiently indicated in the opinions of the court, one of which, it will be seen, was rendered on a re-hearing.

*J. C. Walker* and *Jno. A. Green,* for appellant.

*W. C. Wilson,* for appellee.

WALKER, J. The appellant claims under a junior title. Both parties claim under Leroy H. Smith.

It was a question for the jury to determine whether the purchase-money had been paid by Jones to Bowman or not. Plaintiff failed in making out a case to satisfy the jury. It was

left in doubt whether Bowman was a *bona fide* purchaser from Smith, having paid the purchase-money.

Applying the doctrine as laid down in Watkins *v.* Edwards, 23 Texas, 443, and Beatty *v.* Whitaker, Id., 527, wherein it was decided, " that to postpone a prior unregistered convey- " ance in favor of a subsequent vendee it must appear that he " had *bona fide* paid the purchase-money, and had neither " actual or constructive notice of the purchase of the prior " vendor," we can find no ground on which to reverse the judgment.

This is complained of as a hard rule, but we do not so regard it. He who claims the advantage of a prior registration of a subsequent conveyance over a prior unregistered deed must act without notice and must purchase in good faith and for a valuable consideration; and these being prerequisites to his title, he is bound to prove them before he can recover on such junior title.

The judgment of the District Court is affirmed.

WALKER, J. The patent to the land in controversy was issued to Leroy H. Smith, and the title in him is not disputed. He sold the land first to Whitesides in 1845. Whitesides neglected to record his deed until after Smith resold the land to Henry Bowman. Bowman sold to Jones, and Jones to the appellant, Moore.

Curry, the appellee, claims the land through mesne conveyances from Whitesides. The contest is between a senior unrecorded and a junior recorded deed from Smith, the patentee.

The doctrine which gives a junior title precedence, when recorded, over a senior unrecorded title, as laid down by all writers on equity, is that the vendee in the second deed must be a *bona fide* purchaser without notice and for a valuable consideration.

This doctrine is recognized and very clearly stated, both in the case of Watkins *v.* Edwards, 23 Texas, 443, and in Beatty *et al. v.* Whitaker, 23 Texas, 526, that to postpone a prior unregistered conveyance in favor of a subsequent vendee, it must appear that he had *bona fide* paid the purchase-money, and had

neither actual nor constructive notice of the title of the prior vendee.

And a party who has not paid the purchase-money cannot claim priority over one who has an older unrecorded deed. The appellant in this case fails to prove the payment of the purchase-money from Bowman to Smith. This is the first link in his title from the patentee. His counsel very ably argue, that though they have not proven the consideration for this deed, that Moore has, nevertheless, obtained a good title, and that those who purchased from Bowman are not chargeable with any defect in his title ; upon the doctrine that a purchaser without notice takes a good title, though his vender be chargeable with notice. The deed from Bowman to Jones was recorded before Whitesides recorded his deed, and the plaintiff has proven the payment of the consideration for this deed. Jones, then, is a *bona fide* purchaser, without notice and for a valuable consideration, and his title must prevail.

In our former opinion delivered in this case we were led to adopt an error in supposing that Whitesides had recorded his title before the deed from Bowman to Jones was recorded; having corrected this error, it becomes our duty to reverse the judgment of the District Court, and render a judgment for appellant, which is accordingly done.

Reversed and rendered.