R. AND E. R. MAINWARRING, APPELLANTS, V. R. B. TEMPLEMAN, APPELLEE.    R. B. TEMPLEMAN, PLAINTIFF IN ERROR, V. R. AND E. R. MAINWARRING, DEFENDANTS IN ERROR.

1. PRACTICE.—The court, on appeal, will not revise an incorrect mode followed by the court below in reaching a judgment supported by the record.
2. JUDGMENT LIEN—UNRECORDED DEED.—A judgment lien attaches to lands held by tenants of the judgment debtor, and which had been conveyed by deed not recorded, as against the vendee in such deed.
3. NOTICE.— Notice by a vendee holding under an unrecorded deed, and given on the day of sale, will not affect the purchaser. The lien having attached by the judgment in favor of the plaintiff in execution, is not affected by subsequent notice.
4. POSSESSION AS NOTICE OF TITLE.—Under our statute the rule has become settled, that possession, either in person or by tenant, is equivalent to registration.
5. SAME.—A purchaser of land is bound to take notice of the rights of the occupant, or of the landlord of the occupant, in the land purchased.

APPEAL from Grimes.    Tried below before the Hon. James R. Burnett.

*F. Charles Hume,* for Mainwarring, cited Mullins *v.* Wimberly, 50 Tex., 457; Hawley *v.* Bullock, 29 Tex., 222; Watkins *v.* Edwards, 23 Tex., 447.

*Hutchison & Carrington,* for Templeman.—If the judgment of John M. Bateman *et al.* against C. S. Taliaferro and D. D. Atcheson was obtained without notice to the judgment creditors of this prior unrecorded conveyance to Mrs. E. R. Mainwarring, then the lien of the judgment attached to the land, (being in Grimes county,) and as against those creditors such a deed was void.    (Bennett *v.* Cocks, 15 Tex., 67; Blankenship *v.* Douglas, 26 Tex., 229; Ayres *v.* Duprey, 27 Tex., 607; Grace *v.* Wade, 45 Tex., 522.)

Appellee does not claim as a subsequent purchaser for valuable consideration without notice, but he relies upon the rights of the judgment creditors, himself the largest owner of the judgment. In order to be of any value, the judgment and a sale thereunder must carry just such rights to the purchaser under it as resided in the judgment creditor. This, too, we regard as clearly settled. ( 2 Lead. Cases in Equity, pp. 75–79.) What is the common-law doctrine, is a question of no significance as against the terms of our statutes, which expressly qualify that rule and furnish the law of this case, so far as applicable.

Is there anything in the facts of this case to charge such notice upon the judgment creditors, under whose lien this property was purchased by appellee, or to deprive them of the protection of the statute ? Plaintiff made out his case. Defendants' title rested upon this deed from Atchison to Mrs. Mainwarring, made before but recorded after the judgment was obtained. This put plaintiff within the terms of the statute, and it devolved upon the defendants to put him out by charging and proving notice home upon him. ( McMechan *v.* Griffing, 3 Pick., 154; Emmons *v.* Murray, 16 N. H., 386; Wilson *v.* Williams, 25 Tex., 54.)

Actual notice consists of express information brought directly home to a party, or an actual knowledge of such circumstances as should lead an ordinarily prudent person to the knowledge of such fact. ( 2 Bouv. Law Dic., p. 236; 2 Sugd. on Vend., p. 527; Wethered *v.* Boon, 17 Tex., 149.)

The registration of an instrument in the manner required by the statute, is the highest order of constructive notice; next to which, in classes distinguished by the circumstances of each case, come all those facts and circumstances which exist, but are not actually known to the party sought to be affected, by which men of ordinary prudence and care are put upon inquiry and charged by the law with the knowledge of what they should have known, but either voluntarily concealed from themselves or neglected the plain duty imposed

upon them by common sense to look into. No exact rule has been or can be laid down for such notice, but this definition approximates the idea running through the cases and usually furnishing their rule of government. (Wethered *v.* Boon, 17 Tex., 149; Hawley *v.* Bullock, 29 Tex., 222.)

There is still a refinement of this general rule. Where the registration laws provide a method of giving constructive notice to the world of the existence of an instrument whose record is provided for, we apprehend the rule to be, that the proof of notice sufficient to break in upon the register laws and relieve the holder of the unrecorded instrument of the consequences of his non-compliance with the statute, must be so clear and unequivocal as to raise a presumption of fraud in the subsequent purchaser or in the creditor. (Le Neve *v.* Le Neve, 2 Lead. Cas. in Eq., 133; Hine *v.* Dodd, 2 Atk., 275; Wyatt *v.* Barwell, 19 Ves., 439; 2 Sugden on Vendors, p. 529; 10 Johns., 457; 8 Johns., 140; 2 Johns. Ch., 162, 190; Fleming *v.* Burgin, 2 Ired. Eq., 584; Harris *v.* Arnold, 1 R. I., 137.)

In Harris *v.* Arnold, 1 R. I., 137, it is said: " If, then, it be upon the ground of fraud that a subsequent purchaser with notice is precluded, as the authorities show, the proof of notice must be for the purpose of inferring therefrom the fraudulent design of defeating the deed, and must be such as to evince a design to defeat a title already executed; to defeat a title already passed as between the parties; to take advantage of an omission to record, when the record would give no information of which he was not already possessed." ( 6 Greenl., 256; 16 Ves. Jr., 253; 5 N. H., 188.)

Upon similar reasoning is the whole doctrine of notice, and its operation against the party to be affected by it, based. While it would seem, under this view, as say the cases recognizing notice other than record, to be a manifest injustice to take a title or a lien, with full notice of a previously acquired title, or after having willfully neglected to inquire for fear of finding to a certainty the existence of facts

suspected to exist, still, where the deed has been taken or the lien acquired upon the apparent faith that the record showed a clear title in the grantee or judgment debtor, "the proof should be extremely clear" (as said Lord Hardwicke, in Hine *v.* Dodd, 2 Atk., 275) that the second purchaser knew, or, with a negligence amounting to fraud, failed to ascertain that his grantee's title had passed to another, or he is divested of property purchased and paid for in good faith, or of a lien acquired by the exercise of that diligence which the law always favors. No such suspicion of notice, or uncertain, indifferent evidence of it, is sufficient; but it must be clear, positive, unequivocal. (Wethered *v.* Boon, 17 Tex., 143, 150; Briscoe *v.* Bronaugh, 1 Tex., 326; Watkins *v.* Edwards, 23 Tex., 443; Leach *v.* Ansbacher, 55 Penn., 85; McConnel *v.* Reed, 4 Scam., 117, 147; Paschal's Dig., art. 4994.)

(Counsel discussed Blankenship *v.* Douglas, 26 Tex., 226, and Ayres *v.* Duprey, 27 Tex., 593, and continued:)

But while the courts of Texas have, in the main, confined themselves to the enunciation of the general proposition, and no case has arisen embracing the point at issue in this case, we have no hesitancy in affirming our belief that the unbroken chain of authority sustains the following propositions:

1st. Possession, to be equivalent to registration, or to amount to notice of a prior unrecorded deed, must be open, notorious, visible, exclusive, and of such a character as not to mislead the public.

2d. The possession must be inconsistent with the recorded title, and must afford certain indications that the record does not show the true owner of the land.

3d. Where the grantor was in possession of the land previous to his prior conveyance, either by himself or tenant, then there must have been a visible and apparent change of possession to visit notice upon third parties.

4th. The mere attornment of a tenant of the grantor to the grantee is not sufficient, of itself, to prove notice of the deed. (2 Sugd. on Vend., 8th Am. ed., 543, 544, note *a*, and cases

cited; 3 Wash. on Real Prop., 284; Hewes v. Wiswell, 8 Greenl., 94; Flagg v. Mann, 2 Sumner, 558; Farnsworth v. Childs, 4 Mass., 637; McMechan v. Griffing, 3 Pick., 156; Parker v. Osgood, 3 Allen, 490 ; Glass v. Hulbert, 102 Mass., 34; Veazie v. Parker, 23 Maine, 170; Butler v. Stevens, 26 Maine, 484; Rogers v. Jones, 8 N. H., 271; Emmons v. Murray, 16 N. H., 398; Patten v. Moore, 32 N. H., 385; Woods v. Farmere, 7 Watts, 383; Plumer v. Robinson, 6 S. & R., 179; Scott v. Gallagher, 14 S. & R., 333; Hood v. Fahnestock, 8 Watts, 489, and 1 Barr, 474; Leach v. Ansbacher, 55 Penn. St., 89; Williamson v. Brown, 15 N. Y., 354; Cook v. Travis, 20 N. Y., 400; Fassett v. Smith, 23 N. Y., 252; Ely v. Wilcox, 20 Wis., 531; Fair v. Stevenot, 29 Cal., 490; Smith v. Yule, 31 Cal., 184; Harris v. Arnold, 1 R. I., 137.)

GOULD, ASSOCIATE JUSTICE.—Templeman sued Mainwarring and wife for two adjacent tracts of land, two hundred and twenty-one acres and two hundred and fifty-nine acres, claiming as purchaser, in December, 1875, at an execution sale, as the property of D. D. Atcheson, under a judgment of date February 13, 1874. In December preceding this judgment, Atcheson conveyed to R. Mainwarring by deed—not filed for record until June, 1874—a tract of land, described by lines and boundaries which embrace the two hundred and fifty-nine acre tract, and which Mainwarring and wife contend embrace also the two hundred and twenty-one acre tract. One of the calls of the deed reads as follows: "Thence from said corner in a line to the rock culvert on the railroad and to the division line of said Arnold league." There are two rock culverts on the railroad, a large and a small one. If the large rock culvert be the one intended, then the deed embraced both tracts of land. If, on the other hand, the small rock culvert be the one called for in the deed, then it embraced only the two hundred and fifty-nine acre tract. The land conveyed is not described.

otherwise than by its boundaries, nor are any recitals as to price or quantity, or anything else, referred to by counsel on either side as tending to settle the question which culvert was intended. The evidence as to what land was intended to be conveyed was conflicting. At the time the deed was executed, Atcheson was in possession of both tracts by his tenants, but the tenant occupying the two hundred and fifty-nine acre tract became at once, under a written lease, the tenant of the Mainwarrings, and continued to occupy that tract, as such tenant, until after the date of the judgment. Atcheson, by his tenants, continued to occupy the two hundred and twenty-one acre tract during 1874 and 1875, and pointed out that tract to the sheriff for levy.

Mainwarring and wife, in their pleadings, sought to recover the two hundred and twenty-one acre tract, of which Templeman had possession.

A jury was waived and the cause submitted to the court. The judgment recites that "the court is of opinion, from the evidence, that, as to the two hundred and twenty-one acres of land, the possession of Atcheson of this tract indicates that the same was not embraced. in the deed from Atcheson to the defendant E. R. Mainwarring, evidence as to possession being alone considered; and that the said defendants never exercised any ownership or control thereof, or had any tenant thereon until long after the date of the judgment under which plaintiff claims, and that Atcheson, the defendant, was in possession thereof at the time and after the rendition of said judgment." And then proceeds to adjudge the two hundred and twenty-one acres to plaintiff Templeman. After that part of the judgment, it further recites: "And it appearing to the court that the defendants were, at the rendition of the judgment under which plaintiff claims, in possession of the tract of two hundred and fifty-nine acres of land by tenant, and claiming the same by unrecorded deed, and that such possession was notice to the judgment creditor,"—

and proceeds to adjudge that, as to the two hundred and fifty-nine acres of land, the plaintiff take nothing.

Both parties gave notice of appeal and assigned errors, but the defendants Mainwarring alone gave bond for appeal. In this court they filed a motion to dismiss the cross-appeal of Templeman, on the ground that it had not been perfected by giving bond.

Subsequently, this motion not having been acted on, Templeman sued out a writ of error, and by consent of parties the two cases are consolidated and considered together.

On the part of appellants, the proposition is submitted, that "the court, in determining the question of title to the two hundred and twenty-one acre tract of land, should not have limited its consideration to the evidence of mere possession or tenancy as conclusive of that issue, but should have given proper place and weight to the evidence explanatory of that possession."

The response is, that the judgment of the court, if correct, will not be reversed because the reason assigned for the judgment may show that the court adopted an incorrect mode of procedure in arriving at the conclusion reached. (Dean *v.* Crenshaw, 47 Tex., 10.)

But it may further be responded to this proposition, that the language of the judgment does not necessarily mean anything more than that the court regarded the action and possession of the parties after the deed, as of itself, sufficient to determine its construction. The conclusion that the two hundred and twenty-one acre tract was not embraced in the deed, was doubtless reached by the aid and in the light of the entire evidence.

The judgment as to this tract of land might be supported on the ground that, at the time the judgment was rendered and the judgment lien attached, the two hundred and twenty-one acre tract was occupied by Atcheson's tenants, and that there was no notice to the judgment creditor, by record or otherwise, of Mainwarring's claim thereto. Although notice

was given at the sale, that did not affect the lien of the judgment creditor, which, under our registration laws, had already attached, and under which Templeman, the purchaser, was protected.

But the issue as to which culvert was intended and how much land was embraced in the calls of the deed, was purely an issue of fact; and the judgment of the court determining that issue in favor of Templeman and giving him the two hundred and twenty-one acre tract, will not be disturbed.

Templeman, in support of his writ of error, asserts that the occupation of the two hundred and fifty-nine acres was not such as to give notice of the rights of the Mainwarrings, and claims that the judgment creditor's lien attached to that tract also, and that as purchaser under that lien he has the better title. His position sufficiently appears from the second assignment of error, as follows: "The court erred in holding that the mere attornment of the tenant of D. D. Atcheson on the two hundred and fifty-nine acre tract to the defendants, without any apparent change in the possession or occupancy of the land, was constructive notice to the creditors and persons owning the judgment at the date of its rendition, February 13, 1874, of the existence of the prior unrecorded conveyance of Atcheson, the defendant in execution, to the defendants R. and E. R. Mainwarring."

There are authorities cited by counsel which seem to support the position taken by him. (Veazie v. Parker, 23 Maine, 170; McMechan v. Griffing, 3 Pick., 156; Loughridge v. Bowland, 52 Miss., 546.)

It is to be remarked that the registration statutes in different States are not uniform. In some, as in Massachusetts and Maine, nothing short of actual notice is allowed by the statute, and the decisions following the statute, to supply the want of registration. Where that rule prevails, the question of the sufficiency of possession to give notice may become one of fact. But under our statute the rule has become settled, that possession, either in person or by tenant, is equiva-

lent to registration. (Watkins v. Edwards, 23 Tex., 448; Hawley v. Bullock, 29 Tex., 222; Mullins v. Wimberly, 50 Tex., 457.)

If the possession be sufficiently open and definite, whether it be in person or by tenant, it is incumbent on one who undertakes to acquire rights in the land to inform himself of the rights of the occupant, or of the landlord of the occupant. The purchaser should not be excused 'from inquiry unless there be something more to mislead him than his own assumption that parties occupy under the same right as formerly. The judgment as to the two hundred and fifty-nine acre tract will also be affirmed.

Whether the cross-appeal should be dismissed, became, after the writ of error was sued out, an immaterial question, save only as to the costs of that motion. The question raised is one which, under the circumstances, we do not feel called upon to determine. It is ordered that number 926 be consolidated with number 798, and the judgment of the court below be in all things affirmed; that the appellants pay all costs in case number 798, except the costs growing out of the cross-appeal, and that plaintiff in error Templeman pay all costs in number 926, including the costs of the motion to consolidate and the costs of his cross-appeal in number 798.

AFFIRMED.