## EARNHARDT DEVELOPMENT CO. et al.
### v. RAY et al.
### No. 8839.

Court of Civil Appeals of Texas. San Antonio.
May 25, 1932.

Rehearing Denied June 29, 1932.

Carl & Leslie, of Edinburg, for appellants.

Kelley, Looney & Norvell, of Edinburg, for appellees.

SMITH, J.

It was alleged that appellee Leonard Ray procured what was in effect an option to purchase a tract of land in Hidalgo county from .A. C. Loucks and wife, Harriet Loucks, and Roy J. Loucks, at the price of $5,200, entirely on credit; that appellant George A. Earnhardt, Ray's employer, wormed his way into the deal and induced Ray to let him in for a half interest in the project; that pending consummation of the deal, and promising to consummate it as agreed, Earnhardt sent Ray out of the state on an errand for Earnhardt, who thereupon, in Ray's absence, purchased the land from the Loucks, on the terms stated,

in his own behalf and to the exclusion of Ray. Earnhardt took title in the name of Earnhardt Development Company, which later conveyed the property to Earnhardt-Deming, Inc., in consideration of the assumption by the grantee of the original vendor's lien note for $5,200, and the execution of additional vendor's lien notes for approximately $10,000. Earnhardt owned, controlled, and managed both said corporations, of which he was president. These pleadings were supported by evidence, and by jury findings.

Ray brought this action against Earnhardt and the two corporations, praying: "That he have judgment decreeing him to be the owner of the undivided one-half interest in and to the above land subject only to the notes held against same by the Loucks, and being the notes executed by the Earnhardt Development Co., Inc., and that the notes executed by the Earnhardt-Deming Co., Inc., when they purchased the land from the Earnhardt Development Co., and which notes were a secondary lien on the land and represented a part of the purchase money due and owing by the Earnhardt-Deming Co., Inc. to the Earnhardt Development Co., in the purchase of said land from the Earnhardt Development Co., be decreed to be null and void and of no effect and asks that such notes be cancelled." He further prayed "in the alternative," as stated in appellants' brief, "that if said above described land had passed in the hands of an innocent purchaser, or for any other reason the Court might be unable to decree him an undivided one-half interest in said property, that then, and in that event, he be awarded judgment against the defendant, George A. Earnhardt and Earnhardt Development Co. in the sum of $3,500.00, alleging such amount to be the value of the equity that plaintiff had in and to the above described tracts of land."

A. E. Cowden and M. L. Cowden intervened in the suit, alleging that they were innocent purchasers of the land on October 9, 1930, and praying for removal of cloud cast upon their title by the lis pendens notice. The proof showed their purchase of the land for a valuable consideration on October 9, 1930; whereas, this suit was instituted, and lis pendens notice was filed, on November 10, 1930.

As stated in appellee's brief: "The case was tried before a jury on the 15th day of October, 1931. The court instructed the jury to return a verdict in favor of the interveners, A. E. Cowden and M. L. Cowden, and submitted the case upon special issues and upon the jury's verdict based upon said special issues, entered judgment on the 23rd day of October, 1931, that the plaintiff take nothing against the interveners, A. E. Cowden and M. L. Cowden and Earnhardt-Deming, Inc., and that plaintiff recover of and from the defendants, George A. Earnhardt and Earnhardt Development Company, the sum of $2465.95, together with interest thereon. * * *"

Earnhardt and Earnhardt Development Company appealed, and Ray has prosecuted cross-assignments of error.

In their first and second assignments of error, appellants complain of the admission of the testimony of two witnesses for appellee, in which they detail a conversation between appellee Ray and one of the Loucks, which resulted in the agreement whereby Ray was to purchase the land from the Loucks. Appellants objected to the testimony upon the grounds that the conversations were had in the absence and without the knowledge of appellants; that said conversations did not "shed any light upon" any agreement had between appellants and appellee in the premises; that said testimony "had the effect only of boosting and bolstering" appellee's testimony, and was "highly prejudicial" to appellants' rights. The objection that the testimony was hearsay is urged in appellants' brief, but seems not to have been made below, and comes too late now. And appellee contends that the conversations were admissible as part of the res gestæ.

The testimony was not a part of the res gestæ. It was purely hearsay as against appellants, but as the latter did not object to it on that ground at the time it was adduced, they cannot so object to it on appeal.

We do not regard the testimony as objectionable upon any ground urged by appellants at the time. Nor is its admission shown to have been calculated to materially injure appellants. Appellant Earnhardt, himself, testified that he heard practically the same conversation between appellee and Loucks that the witnesses detailed over appellants' objections. We overrule appellants' first and second assignments of error.

We overrule appellants' third assignment of error. Appellee pleaded and proved an agreement between appellants and himself whereby they were to purchase the land from Loucks on credit and share equally in the profits of the transaction. Appellee prayed for several alternate remedies, and, setting up all the facts in detail, for general relief. We think in this situation it was proper for the trial court to submit that measure of recovery warranted by the evidence, as was done. That measure was distinctly favorable to appellants, who cannot complain thereat. Appellants do not contend that the judgment is excessive, or that the use of the measure urged by them could have minimized the recovery against them.

It appears that the land in controversy was owned by A. C. Loucks and his wife, Harriet Loucks, and their son, Roy J. Loucks, all of whom joined in the conveyance to the Earnhardt corporation. It appears from the statement made by appellants under their fourth assignment of error that: "The Court, after the jury had retired, and before such

jury had made answer to any of the issues submitted in the Court's charge, sent to the Court the following communication: 'Is it necessary that the agreement or negotiations were entered into with all of the persons individually in order that we answer No. 1 in the affirmative?' To which communication the Court replied as follows: 'It is necessary for the jury to find the negotiations and deal was with all of the Loucks, or with one of them representing the others. (Signed) Chas. E. Thompson.' Appellants objected and excepted to such supplemental or additional charge being given as shown by their Bill of Exceptions." Appellants urge a number of objections to this proceeding, but we perceive no error in it. There is no contention that the individual Loucks with whom the transaction in question was negotiated lacked authority to bind all of them. All of them joined in the confirmation and consummation of the deals as made, and no question of the authority of either is in the case. The consequence is that if the proceeding was technically erroneous— and we do not so declare it—appellants could not possibly have been injured by it. Appellants' fourth assignment of error will be overruled.

■ It appears that during their deliberations some of the jurors made the argument to their fellows, in substance, that "Ray was a poor man and probably would have trouble appealing the case; that Earnhardt had made plenty of money out of the deal and probably had other money and could appeal the case." Appellants contend in their fifth assignment of error that this amounted to jury misconduct, requiring reversal. It seems undisputed that this argument was made by some of the jurors, but there is no intimation in the evidence thereof that this argument influenced any of the jurors in arriving at their answers to the special issues upon which the judgment was predicated. The record is silent upon that point. It is inferable from the record that the argument or discussion concerning the relative financial standing or ability of Ray and Earnhardt was inspired by the jury-argument of one of appellants' counsel to the effect that appellee had no means with which to float the deal in controversy, and therefore could not have handled it, even if permitted to do so, whereas appellant was amply able to carry it, and did so. We conclude that the showing under the fifth assignment does not warrant reversal, and that assignment will therefore be overruled.

■ In a supplemental brief appellant sets up, for the first time, and by way of fundamental error, that appellee's petition was bad as against the general demurrer. It is true, as asserted by appellant, that the question is fundamental and error thereon may be urged on appeal, though not assigned. But appellee's petition is in our opinion good as against general demurrer.

Appellee has filed and here urges a number of cross-assignments in which the principal contention is that the filing and registration of lis pendens notice by appellee had the effect of notice to the Cowdens (found to be innocent purchasers prior to the institution of this suit) of the claims asserted by appellee, and requiring the Cowdens to pay appellee his proportion of the deferred payments still owing by the Cowdens upon the purchase price of the land.

The record shows that under the manipulation of appellant Earnhardt, for himself and his corporations, conveyance of the land was made by the Loucks to the Earnhardt Development Company on May 10, 1930, for a recited consideration of $5,200 in notes; that thereafter, on October 9, 1930, the Earnhardt Development Company (by George A. Earnhardt, its president) conveyed the land to Earnhardt-Deming, Inc. (of which also said Earnhardt was president), for a recited consideration of the assumption of said $5,200 and the execution of notes for an additional sum of approximately $10,000; that on the same day, October 9, 1930, Earnhardt-Deming, Inc. (by its president, the said George A. Earnhardt), conveyed the land to A. E. and M. L. Cowden, for an apparent consideration of approximately $21,000 in cash and the assumption of the outstanding obligations of approximately $5,000 and $10,000, respectively. Although this deed to the Cowdens was dated October 9, 1930, it does not appear to have been acknowledged until October 31, 1930, or delivered until November 9, 1930, the day before this suit was filed and lis pendens notice recorded. The Cowden deed was not recorded until March 24, 1931, more than four months after this suit was filed.

■ The foregoing facts have this effect, that at the time this suit was filed the Cowdens, adjudged below to be innocent purchasers for value, etc., still owed to the Earnhardt interests approximately $10,000, and to the Loucks $5,000, on the purchase price of the land, and at that juncture the lis pendens notice was filed and registered. Out of these facts arises the inquiry: Were the Cowdens affected by the lis pendens notice so as to require them to thereafter account to appellee for his proportion, if any, of the unpaid purchase price of the land owing by them to the Earnhardt interests? We are of the opinion that the question should be affirmed.

The statutory effect of lis pendens notice has been simplified, perhaps greatly broadened, by the amendment of 1927 to article 6643, R. S. 1925, Acts 1927, 40th Leg. p. 83, c. 59, § 1 (Vernon's Ann. Civ. St. art. 6643). As amended the act provides: "Art. 6643. (6840) Effect of [lis pendens] notice. All such

notices of pendency shall be notice to all the world of their contents and that the suit or suits mentioned therein are pending, and such notices shall operate as soon as filed with the county clerk for record, as provided in this Chapter whether service has been had on the parties to said suit or not."

■ We conclude under those broad provisions the filing and registration of the lis pendens notice in this case instantly affected the Cowdens with notice of appellee's claim upon the land. Of course, that claim could not be given retroactive effect to deprive the Cowdens of their previously acquired legal title to the land. But it should be given prospective effect to lodge notice in the Cowdens that appellee was claiming an interest in the unpaid consideration owing to the Earnhardt corporation for the purchase price of the land. It affected the Cowdens with the obligation to conform to the adjustment in the case of the equities between the parties. Sparks v. Taylor, 99 Tex. 411, 90 S. W. 485, 6 L. R. A. (N. S.) 381.

The trial court found that appellee was entitled to recover of appellants a specific sum ($2,465.95, with interest) accruing to him by reason of the trust in the land resulting to him on account of the facts in the case. We see no reason why judgment should not be rendered requiring the Cowdens to account to appellee for the balance, if any, they owed appellants on the purchase price of the property at the time of the filing of the lis pendens notice, up to the amount of said judgment.

· ■ Appellee contends under his cross-propositions that he was entitled to share in the profit derived from the sale of the land by Earnhardt-Deming, Inc., to the Cowdens. But this contention comes too late on appeal. The case was submitted below upon the basis of an equal division of the net profits of the sale to Earnhardt-Deming, Inc., and appellee acquiesced in that submission, and in the jury findings in response thereto, and is bound accordingly.

■ So also does appellee complain of the failure of the court to award judgment to him against Earnhardt-Deming, Inc. We think that recovery was properly denied him, since he did not pray for judgment against that concern.

The judgment of the court below will be reformed so as to decree recovery in favor of appellee for an undivided interest of $2,465.-95 (plus interest thereon at the rate of 6 per cent. per annum from October 9, 1930, until paid) in the five promissory notes executed and delivered by Earnhardt-Deming, Inc., to Earnhardt Development Company (for the aggregate principal sum of $9,731.88) together with the vendor's lien (to secure payment of said notes) retained in the deed by which the Earnhardt-Development Company con-veyed the land involved to Earnhardt-Deming, Inc., on October 9, 1930, which interest so decreed shall operate as security for the payment of said judgment for $2,465.95 awarded appellee against appellants. As so reformed the judgment will be affirmed, at the cost of appellants.

Reformed and affirmed.

On Motion for Rehearing.

We are inclined to agree with the contention in appellants' motion for rehearing that the objection made to the testimony complained of in appellants' first and second assignments of error was in effect an objection on the ground of hearsay. Nevertheless, we reiterate the holding that the admission of that testimony did not constitute reversible error. There was no dispute as to the general effect of the agreement between Ray and Loucks, and the determination of that issue, in its details, was beside the controlling finding, that the parties were to share equally in the net profits of the transaction. We conclude that, giving effect to the finding of the jury upon the controlling issue, as we must do, the substantial justice of the case has been met.

All motions for rehearing will be overruled.