### SIMMONS et ux. v. EAKIN.
### No. 8904.

Court of Civil Appeals of Texas. San Antonio.

Nov. 16, 1932.

Rehearing Denied Dec. 14, 1932.

Griffin, Kimbrough & Cox, of McAllen, for appellants.

L. J. Polk, of Pharr, for appellee.

SMITH, J.

The land involved was owned by R. F. Cook until he made an alleged parol sale thereof to B. S. Simmons in August, 1929, in settlement of a pre-existing debt he owed Simmons. No deed was made until November 19, 1930.

In the meantime, on November 5, 1930, however, the land was seized under writ of attachment issued in behalf of J. E. Eakin in a suit upon a judgment previously obtained by him against Cook in a federal court in Arkansas, in which state all the parties, Cook, Simmons, and Eakin, reside.

Simmons intervened in the present suit, claiming ownership of the land under said parol sale. But Eakin recovered judgment upon his claim against Cook and for foreclosure of his attachment lien against Simmons, who has appealed.

Both Cook and Simmons testified clearly and positively that, because Cook was unable to pay his debt of $4,000 to Simmons, he offered to convey the land involved to the latter to satisfy that debt, and that the latter agreed, albeit reluctantly, thereto; that Simmons thereupon assumed dominion over the premises, and at his own expense built new and repaired old houses thereon, planted the land to citrus trees, paid that and the next years' taxes thereon (amounting to $1,300 per year).

It was agreed between the two at the time that upon their return to their homes in Ar-

kansas Cook would make and deliver his deed conveying the premises to Simmons. But the matter was allowed to run along, unattended to; the parties being friendly. In fact, Cook's wife is Simmons' daughter. The deed did not pass, as stated, until the parties were spurred to attention thereto by the filing of this suit and the seizure of the premises under attachment. The foregoing facts were testified to by both Simmons and Cook in consonance. But the jury, obviously skeptical, found that the minds of the principals did not meet upon the contract alleged.

■ It appears that one Phillips has cultivated these premises for the past ten or twelve years, first, as a tenant of Cook up to the time of the parol sale, and thereafter as a tenant of Simmons. The evidence raises an issue of fact as to whether Phillips took actual farming orders from Cook or from Simmons during the crop season immediately following the sale; that is, from September, 1929, to September, 1930. But it is undisputed that Simmons nevertheless at once took over control of the premises and, through Phillips, made the improvements thereon, as stated.

Now it transpired that upon the trial appellants offered the testimony of Phillips to the effect that he was a witness to the negotiations between Cook and Simmons, heard their discussion of and final agreement upon the alleged parol sale, in substantial accordance with appellants' allegations. But the trial court excluded the proffered testimony, upon appellee's objections that it was "irrelevant, immaterial, incompetent, hearsay and self-serving." In this we think the court erred materially. The contract rests upon the words of Simmons and Cook uttered at the time of the agreement, in the absence of appellee. Proof of those utterances may be made without violating the hearsay rule. As a part of the res gestæ it is substantive evidence of a crucial fact, and is not subject to the objections advanced by appellee. 3 Jones, Ev. p. 2014, § 1091; Rupert v. Swindle (Tex. Civ. App.) 212 S. W. 671; Sullivan v. Fant, 51 Tex. Civ. App. 6, 110 S. W. 507; Sparks v. De Bord (Tex. Civ. App.) 110 S. W. 757. This holding may appear to be in conflict with certain language used by this writer in the opinion in Earnhardt Development Co. v. Ray (Tex. Civ. App.) 51 S.W.(2d) 732. That language was not decisive in that case, however, but was dictum, and without authority.

■ It is urged by appellee that the exclusion of this testimony was not prejudicial to appellants, but we think it may have been highly so. The testimony of the parties to the parol sale was not disputed, circumstantially or otherwise. It is possible that, had the proffered testimony of Phillips been admitted, the jury would have resolved the first and controlling issue in favor of appellants. The exclusion of that testimony, under the peculiar facts of the case, therefore constituted reversible error.

■ Appellee makes the point that in no event could appellant have prevailed below, because, it is contended, appellee had no notice of the alleged parol sale, or knowledge of facts sufficient to put him upon inquiry which if pursued would have led to actual notice of appellant's ownership of the land prior to its seizure under the writ of attachment.

It is true that no deed evidencing the sale had been made or recorded, and that appellee had had no actual notice of the sale. But appellant claims to have been in possession through Phillips, a tenant of Cook, upon the premises up to the time of the sale, but who thenceforth attorned to appellant. Such possession, if proven, was sufficient to put appellee upon inquiry, which in this case apparently would have led to the true facts of ownership. In short, the settled rule in Texas is that possession, either in person or by tenant, is equivalent to registration. Mainwarring v. Templeman, 51 Tex. 205; Watkins v. Edwards, 23 Tex. 443. Of course, the facts of possession must be determined by the jury in jury cases.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

■ Appellee vigorously questions the conclusion of this court that the evidence raised an issue of fact as to appellants' possession during the crop year of September, 1929, to September, 1930. We adhere to that conclusion, however.

The evidence is that, when the parol sale was made in August, 1929, appellant was too engrossed in his affairs in Arkansas to permit his assumption of immediate direction of the actual farming operations on the premises in Hidalgo county, and for that reason he turned those operations for that year over to Cook and Phillips for "what they could make out of it," while at the same time directing Phillips to proceed forthwith in appellant's behalf towards planting the land to fruit trees and making other improvements thereon. By these means appellant assumed full dominion over the premises, for Cook's and Phillip's farming operations for that year were with appellant's permission and under his direction, and so far as those operations went, amounted to possession by appellant. And it seems to be conceded, as it appears conclusively from the record, that the arrangement with Cook and Phillips ended, with the crop year, on September 1, 1930, whereas the attachment lien here asserted by appellee was not created until November 5, 1930.

■ It is perfectly obvious from the record, assuming the foregoing facts of possession to be true, that the parol sale here asserted was

accompanied by full payment of consideration, possession, substantial improvements, and payment of taxes. The statute of frauds exacts nothing more.

Appellee's motion for rehearing is overruled.