## STILL et ux. v. BENNETT et al.
### No. 4418.

Court of Civil Appeals of Texas. Texarkana.
April 4, 1934.

Rehearing Denied April 12, 1934.

P. A. Sanders, of Nacogdoches, and F. A. Taylor, of Henderson, for appellants.

Pollard, Beauchamp, Lawrence & Lux, of Tyler, for appellees.

SELLERS, Justice.

This suit was filed by Mrs. H. Elizabeth Bennett, joined by her husband, J. H. Bennett, and J. R. T. Barton, in the district court of Rusk county, in trespass to try title to 6.54 acres of land in the Meredith McCabe survey in Rusk county, against C. C. Still and his wife, who answered that they were innocent purchasers for value, and also plead-

ed an estoppel. The case was tried to a jury, and at the close of the evidence the court instructed a verdict for the plaintiffs and entered judgment in accordance therewith. From this judgment the defendants have duly prosecuted this appeal.

In 1915, D. E. Jernigan and wife, the agreed common source of title, owned a 100-acre tract of land in the McCabe survey, and on November 6, 1915, they conveyed by deed the 6.54 acres here involved out of their 100 acres to A. A. Johnson. Johnson with his family went into immediate possession of the 6.54 acres, building thereon a residence, barns, fences, including a fence inclosing the entire property, and making valuable improvements, such as setting out an orchard, digging a well, etc. He continued to reside there with his family until 1923, when he died. Thereafter his wife and one or two children resided for a time on the place, and the wife kept her furniture and household goods in the house until 1929, although she spent most of her time with her married children in the neighborhood. She rented the land to her son, Reuben Johnson, who did not live on the 6.54 acres, but he resided on the Jernigan land as their tenant also.

F. A. Taylor purchased from Jernigan the 100 acres of land by deed dated October 5, 1926. The land in question in this suit was not excepted from the deed which Taylor got from Jernigan, and Taylor testified that he knew nothing of the deed to A. A. Johnson which had not been recorded at the time. Taylor did not go on the 6.54 acres of land here involved, nor did he see the house or improvements thereon before he purchased the 100 acres from Jernigan. Taylor made no inquiry of Reuben Johnson, who was in possession of the entire 100 acres, or any one else as to the title of the tract of land he purchased from Jernigan, except the inquiry made of Jernigan who was not living on the land at the time. Jernigan and his wife testified that they told Taylor that the 6.54 acres belonged to the Johnson heirs and would have to be excepted from the deed to him, but Taylor denied that they gave him this information. A few days after Taylor purchased the land he conveyed it to the appellants, C. C. Still and wife, using the same description as that contained in the deed to Taylor. Both the Taylor and the Still deeds were placed of record prior to April 2, 1927, on which date the deed from Jernigan to A. A. Johnson was recorded. Still had lived in the community where the land was located for a long time,

and knew that A. A. Johnson had built a house on the 6.54 acres and had resided thereon with his family up until his death. Prior to his purchase from Taylor, Still went upon the 6.54-acre tract and saw the furniture in the house, but made no inquiry of any one about the title to the 6.54-acre tract. At the time Taylor and Still purchased the 100 acres which included the 6.54 acres here involved, it was generally understood in the community where the land was that the 6.54 acres of land belonged to the Johnson heirs.

 We are of the opinion that there was no error committed by the court when he instructed the verdict in favor of the plaintiffs who had acquired the title of the Johnson heirs. There is a well-settled rule of law in this state that, when one purchased land from one who is not in possession of the land when purchased, the purchaser is charged with notice of all rights which the party in the actual possession and occupancy of the land might have to it just the same as if the occupant's title was of record. Simmons v. Eakin (Tex. Civ. App.) 54 S.W.(2d) 1045. It is also well settled that the possession by a tenant is notice to a purchaser of his landlord's title. Watkins v. Edwards, 23 Tex. 443; Mainwarring v. Templeman, 51 Tex. 205. When those rules of law are applied to this case it seems clear that the trial court correctly instructed the verdict for appellees.

The facts are undisputed that Reuben Johnson at the time Taylor and Still purchased the land was in possession of the whole of the 100 acres described in the deed from Jernigan to Taylor, but he was in possession of the 6.54 acres here involved as the tenant of his mother, and as owner of an undivided fee-simple interest in such tract, and he was not a tenant of Jernigan in so far as this tract is concerned. The tract involved was fenced off to itself, was improved, and household furniture was in the house at the time both Taylor and Still purchased, and they made no inquiry to ascertain by what right Reuben Johnson claimed possession of this tract. Under these facts we think the above rules of law apply to this tract of land and will prevent appellants from claiming it as an innocent purchaser for value. The fact that Reuben Johnson was in possession of the remaining part of the 100 acres described in appellants' deed as the tenant of the Jernigans could in no way affect the above holding, but, in our opinion, would be additional notice to appellants. Johnson's possession as a tenant of Jernigan was, not only notice of

Jerigan's title, but it was also notice of whatever title Johnson, or those under whom Johnson claimed, might have to any portion of the land which was in his possession. Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184.

We find no evidence of an estoppel in this case, nor do we regard the deed to A. A. Johnson by Jernigan as void for want of description.

The judgment of the trial court will be affirmed.