## EQUITABLE BUILDING & LOAN ASS'N v. PANHANDLE CONST. CO.

### No. 4253.

Court of Civil Appeals of Texas. Amarillo.

Feb. 11, 1935.

Rehearing Denied March 18, 1935.

Lindsey & Anderson, of Lubbock, for appellant.

Robt. A. Sowder, of Lubbock, for appellee.

HALL, Chief Justice.

The Panhandle Construction Company sued J. D. Quick, J. L. Gaines, F. L. Yow, Octo Yow, Geo. J. Robbins, and the Equitable Building & Loan Association to recover upon a paving certificate and foreclose an alleged paving lien and an alleged mechanic's lien upon lot 8, block 82, of the Overton addition to the city of Lubbock, said property fronting on Fourteenth street between College avenue and Avenue Q in said city.

The plaintiff alleges, in substance, that the city of Lubbock is a home rule city, has adopted a special charter, which contains a provision for the improvement of its streets and avenues in accordance with the statutes of the state; that on July 25, 1929, the city council passed a resolution whereby it was determined to grade, pave, and drain Fourteenth street, and especially that part which lies in front of, and adjacent to, lot 8, block 82, of the Overton addition; that on January 23, 1930, the city contracted with the appellee construction company to pave said street, and on said date J. D. Quick was and has continued to be the actual owner of said town lot; that on February 24, 1930, Quick executed and delivered to the appellee his mechanic's lien contract covering said lot to secure the amount due for such improvements in the estimated cost of $284.30, which instrument was duly recorded in volume 13, page 70, of the mechanic's lien records of Lubbock county, which sum of money was payable upon completion of the paving and the acceptance thereof by the city in accordance with the provisions of the certificate thereafter issued to appellee by said city.

Appellee further alleges in the alternative that, if Quick was not the owner of the prop-

erty, then that Geo. J. Robbins was the owner, who by his deed of March 6, 1930, conveyed the property to the defendant Yow, and that the record title still stands in the name of said Yow, but that plaintiff is unable to state further as to the ownership; that, by the contract between the city and appellee, it was provided that the portion of the cost of paving said street assessable against the owners of the several lots would be paid to the contractor in six equal annual payments, the first due upon completion of the work and its acceptance by the city, the remainder to mature one each year thereafter until all installments had matured; that said installments should bear interest at the rate of 7 per cent. per annum; that said certificate contained an acceleration clause and a provision for 10 per cent. attorney's fees and cost of collection, and further provided that the amount due for paving should be a preference lien upon the abutting property and a personal debt of the owner or owners thereof; that all certificates should be evidence of the regularity of all proceedings necessary to fix the first and prior lien for the sum or sums due for such improvements; that February 14, 1930, was named as the date for a hearing, at which time the owners of such property, or other interested parties, might appear and show cause, if any, why the proposed improvements would not enhance the value of their said property equal to the cost of such improvements. At such hearing it was determined that the amount to be assessed against the lot involved in this suit would be $284.30, and it was determined that the improvements would enhance the value of the lot to such amount. An assessment was accordingly made, and no appeal was prosecuted from said order. That thereafter the appellee improved said street in accordance with the plans and specifications, and the work was accepted by the city of Lubbock on June 26, 1930, and at the time of such acceptance it was determined that the assessable cost as a first and prior lien on said lot was $279.22.

Plaintiff further alleged that J. L. Gaines and the Equitable Building & Loan Association of Fort Worth were claiming some character of lien upon the property which was subordinate and inferior to the appellee's lien; that, prior to the date of the deed executed by Robbins to Yow, Robbins had conveyed the property to Quick by general warranty deed; that Quick had never conveyed the property to any person, nor parted with his title, and notice was given to produce said deed; that the defendants Yow, Gaines, and the loan association had full notice of such prior deed.

Plaintiff further alleged that the installment due on the date of said certificate has been paid, but that the installment of $46.53 which matured June 26, 1931, together with interest at 7 per cent., was unpaid, together with the principal amount of said certificate; that another installment which matured June 26, 1932, for a like amount and interest, had not been paid except the sum of $26.45; that, because of the default, the appellee had elected to mature the whole of said indebtedness and placed the same with its attorney, and that a reasonable attorney's fee is $100; that there is now due the sum of $242.83 principal and interest and the further sum of $100 attorney's fees. The prayer is that it have judgment for said amounts as against the owner or owners of the property and the foreclosure of its lien upon the lot described, etc.

The Equitable Building & Loan Association answered by general demurrer, general denial, special exception, and answered specially:

That the city of Lubbock was organized and operated under the home rule statute (Vernon's Ann. Civ. St. art. 1165 et seq.); that part C, § 16, of the city charter, provides as follows: "The lien of all such assessments when levied as well as any assessment which may be made, shall relate back to and take effect as of the date of the ordinance, resolution, or other proceeding ordering the improvement for which such assessment or reassessment is levied."

That on May 10, 1929, said city, through its duly qualified city commission, at a meeting called for that purpose, passed a resolution to grade, pave, and drain that portion of Fourteenth street between College avenue and Avenue Q and to assess a portion of the costs of said improvements against the owners of property abutting on said street. That lot 8, block 82, in the Overton addition, was included. That said lot was at that time the homestead of Geo. J. Robbins and wife, and had been such homestead for a long period prior thereto, and continued to be such homestead for many months thereafter. That Robbins and wife actually resided on said premises on May 10, 1929, and prior thereto, owning the property in fee simple, for which reason no lien could or has attached in favor of appellee to secure the payment of its certificate. That Robbins became the record owner of the property on the 20th day of October, 1927, having purchased the property

from A. E. Helber and wife, as shown by the Deed Records of Lubbock County, vol. 125, p. 248. That he continued to be the record owner of said property until March 6, 1930, at which time Robbins and wife conveyed the property to F. L. Yow by warranty deed, which was duly recorded in volume 152, p. 62, of the Deed Records of Lubbock County. That the name of J. D. Quick does not appear anywhere in the chain of title to said lot, and that appellant, relying on the title reflected by the deed records of Lubbock county, did, on the 8th day of March, 1930, make a loan to E. L. Yow and wife, Octo Yow, in the sum of $3,000, said indebtedness being evidenced by a note of that date executed by the borrowers, payable to appellant's order. Simultaneously with the execution of said note, a deed of trust was executed to Walter R. Welch as trustee, conveying said property to secure the payment of said note. Said deed of trust was duly filed for record in the office of the county clerk of Lubbock county on the 11th day of March, 1930, and recorded in volume 60 of the Deed of Trust Records on page 462. That it made such loan believing that F. L. Yow and wife were the real owners of said property, otherwise the loan would not have been consummated. That, prior to the consummation of the loan, the defendant Yow, in a written application therefor, represented to appellant that said property was his homestead, wherefore said deed of trust is a superior lien to the improvement lien sought to be foreclosed by the Panhandle Construction Company.

Appellant further alleges that J. D. Quick never at any time had title to the above-described property, and that the only interest he ever acquired was when he became the owner by assignment of the note for $3,000 dated March 6, 1930, executed by Yow and wife in favor of Geo. J. Robbins, and retaining a vendor's lien upon the property, which assignment was duly recorded in volume 156, p. 372, of the Deed Records of Lubbock County; that the money actually advanced by appellant to Yow and wife was paid to J. D. Quick on the 10th day of March, 1930, who was then the owner and holder of said note, and that Quick then transferred said indebtedness to appellant as shown by the Deed Records of Lubbock County, vol. 156, p. 429; that the defendants Yow and Quick represented to appellant that Yow was the owner of the property and Quick was the owner of the lien at that time, and, relying upon said representations, this defendant

made said loan, purchased said lien; and renewed and extended the same as is shown by the note and deed of trust executed by Yow and wife as hereinbefore set out; that the work in connection with the paving pleaded by appellee had not been commenced at the time defendant purchased the said vendor's lien note from Quick; that the appellee construction company knew that Quick had no title to said property and that the title at all times was in the defendant Robbins and Yow and not in defendant Quick, and with such knowledge the appellee did, on the 24th day of February, 1930, accept from the defendant Quick what purported to be a paving lien against said property, which lien is recorded in volume 13, p. 70, of the Mechanic's Lien Records of Lubbock County; that thereafter, more than a month after appellant had made the loan to Yow, and after it had been secured by a deed of trust lien as above set forth, said transactions all appearing of record in Lubbock county as above alleged, the appellee did, on the 14th day of April, 1930, file for record what purported to be a paving lien; that appellee had constructive knowledge of all the facts heretofore set out and could have known by the exercise of ordinary prudence that this appellant in good faith and without notice of any character of incumbrance made the loan on said property; that the said Quick, Yow, and Robbins are all estopped to claim the ownership of said property to be in the said Quick at the time he executed the paving lien on the property.

Robbins answered by general demurrer and general denial.

The appellee by supplemental petition alleged that the work of paving the street was begun and was visible to all, especially to the appellant, before it acquired any claim to the property, to such an extent that a reasonably prudent person would be put on notice that the street abutting the property was to be paved and at such time F. L. Yow was the tenant of J. D. Quick, so had notice of appellee's lien, and by reasonable inquiry could have determined that appellee had a contract lien on the premises.

A trial to the court resulted in a judgment in favor of appellee in the sum of $387.80, with interest from date, together with all costs, and a foreclosure of the lien of February 24, 1930, executed by Quick upon the property described, free and clear of all claims asserted by any and all defendants. From this judgment the Equitable Building & Loan Association appeals.

The case is before us upon two propositions. The first is that the evidence is insufficient as a matter of law to support a finding that appellant took its lien with actual knowledge of the prior lien held by appellee when such prior lien was not of record and that the court erred in not rendering judgment declaring appellant's lien to be prior and superior to that of appellee. The second proposition is that the undisputed evidence is that the appellant association acquired a valid deed of trust lien in extension of a vendor's lien against the property in question, on March 10, 1930, and placed it of record on March 12, 1930, and that the Panhandle Construction Company became the owner of a mechanic's lien on February 24, 1930, which it placed of record on April 14, 1930, and that the paving company had performed no work nor furnished any material for the benefit of the property before the appellant association acquired its lien, and the court should have rendered judgment declaring the lien of appellant to be a first and prior lien.

In September, 1929, Robbins, the then owner of the property, conveyed it to Quick, but retained possession until November 15th following, when Quick paid the consideration in cash. Robbins moved out on that day, and Quick took possession immediately and lived on the premises until January 1, 1930. Quick's deed was never recorded, and later, on March 6, 1930, he induced Robbins to execute a new deed conveying the property to Yow; part of the consideration named in the deed being a note for $3,000, signed by Yow and payable to Robbins. Robbins then assigned the note to Quick. When Quick moved out of the premises on January 1, 1930, Yow took possession as the tenant of Quick. After Quick moved out of the house on January 1st, and while it was occupied by Yow as tenant, he contracted with the appellee paving company to pave Fourteenth street adjacent to his property and represented that a house situated on Avenue X in Lubbock was then his homestead. While this contract was entered into between Quick and the appellee on February 24, 1930, it was not filed for record in Lubbock county until April 14, 1930. Between these two dates Quick and Yow seem to have entered into a conspiracy which resulted in the execution of the note held by the appellant company, and, after Quick had obtained the note from Robbins, Yow executed a deed of trust securing the note on March 8th, and it was transferred to the appellant on March 10th. At the time appellant acquired the note, the record title

to the property was in Robbins, because, as stated, Quick had not recorded his deed from Robbins, and the appellee's paving contract was not filed until April 14, 1930. In so far as the records are concerned, the appellant became the holder in due course of the $3,-000 note, without notice of the rights of appellee, since the statute does not require the proceedings had by municipal authorities looking to the paving of its streets to be recorded in the clerk's office.

The appellee insists that the testimony is sufficient to show that appellant had knowledge of such facts, which was sufficient to put it upon inquiry, and which would ordinarily excite investigation and lead to the discovery of the existence of appellee's lien, if appellant had exercised proper diligence. In our opinion, this contention is sound.

George Brewer, who testified that he was in the abstract business and connected with the Title Guaranty Company, and represented the appellant in investigating the title before Quick transferred the note to appellant, said that he knew prior to the time the appellant acquired the note that the city was paving the street abutting this property; that he and the company's attorney made an investigation and were satisfied in their mind that the property was Robbins' homestead at the time the original resolution to pave was passed by the city. He further said he knew the street would be paved and he wanted to see if there was in fact a paving lien on the property.

The attorney testified that he knew the city was paving Fourteenth street. They both admitted that they made no inquiry of either Robbins, Quick, or Yow with reference to the title. Brewer and his attorney had inspected the records of the city, ascertained that the original resolution passed by the city commission on May 10, 1929, which announces the intention on the part of the city to pave Fourteenth street, was made at a time when Robbins occupied the place as a homestead. They must be held to have known that Yow did not acquire the apparent legal title until March 6, 1930. The records show that they knew Yow had been living on the premises for some months. They asked him if he had executed a paving lien, and he answered in the negative. The record title being in Robbins, the appellant's agent and attorney, having learned that Robbins had moved away from the premises, were required to inquire of Quick during his occupancy, and of Yow while he occupied the premises prior to March 6th, to ascertain

what claim, right, or title, if any, they had. In the absence of knowledge of the deed which Robbins had made to Quick, he and Yow were both apparently tenants holding under Robbins.

■ The rule is established that, where possession is held by tenants of the owner, such possession puts the purchaser upon inquiry which he must prosecute with reasonable diligence at his peril.

In National Bond & Mortgage Corporation v. Davis (Tex. Com. App.) 60 S.W.(2d) 429, 433, Judge Sharp, in discussing this question, said: "There are cases which, while recognizing the proposition that possession is sufficient to excite inquiry, hold that where the possessor has done something, such as making a deed to another, which is of record, which furnishes a sufficient answer to the inquiry arising, the possession does not impose the duty of further investigation." Citing Eylar v. Eylar, 60 Tex. 315, 318; Love v. Breedlove, 75 Tex. 649, 652, 13 S. W. 222; Alstin v. Cundiff, 52 Tex. 453, 465, and other cases.

He further said: "A different rule prevails where possession of the property is held by tenants of the owner. In such case possession by the tenants puts the purchaser upon inquiry which he must prosecute with reasonable diligence. Ramirez v. Smith, supra [94 Tex. 184, 59 S. W. 258]; Collum v. Sanger Brothers, 98 Tex. 162, 82 S. W. 459, 83 S. W. 184; Moore v. Chamberlain, 109 Tex. 64, 195 S. W. 1135."

As said in Still v. Bennett (Tex. Civ. App.) 71 S.W.(2d) 608, 609: "There is a well-settled rule of law in this state that, when one purchased land from one who is not in possession of the land when purchased, the purchaser is charged with notice of all rights which the party in the actual possession and occupancy of the land might have to it just the same as if the occupant's title was of record. * * * It is also well settled that the possession by a tenant is notice to a purchaser of his landlord's title."

If appellant or its agents Brewer and the attorney, had made inquiry of Robbins, the rule requiring investigation would have been satisfied. The information received from Robbins would have led to a knowledge of the fact that Quick had entered into a paving contract with appellee and would have resulted in a discovery of the fraudulent transaction through which it acquired the note.

■ The court concluded as a matter of law that at the time of the execution of the paving contract Quick was the owner of the property, and "so remained until on or about March 6, 1930." The record shows that Robbins had executed at least one deed, and probably two, conveying the property to Quick, and that it had never been reconveyed to Robbins. The title to land is independent of the preservation of the deeds which evidence its transfer, and, in view of the statute which requires a written instrument for the conveyance of title, the legal title is not retransferred by the destruction of a deed. 14 Tex. Jur. 894, § 119. As a matter of law, the title was in Quick at the time Robbins attempted the transfer of the property to Yow. Robbins had no title to convey at that time, and Yow acquired none. This would not, however, affect appellant's rights but for the circumstances which, as stated above, put it upon inquiry. When Brewer and his attorney saw that the resolution ordering the paving was made while the property was occupied by Robbins and concluded that no lien could be enforced against it under such circumstances, they were not justified in further concluding that Robbins would never sell the property or that he or some subsequent purchaser would never execute an independent paving contract. The possession by the apparent tenant Quick, and his tenant Yow was notice of whatever right the parties had. Moreover, the work being done on the street by appellee at that time was a circumstance which the court had the right to consider on the issue of notice. Uvalde Co. v. Tribble (Tex. Civ. App.) 292 S. W. 932.

The evidence is sufficient to support the finding and judgment of the court.

Judgment is affirmed.