MORRIS LIEDEKER V. SIMON GROSSMAN ET AL.

No. A-1348. Decided December 3, 1947.
Rehearing overruled December 31, 1947.
(206 S. W., 2d Series, 232.)

*Kleberg, Eckhardt, Mobley & Roberts* and *John A. Mobley,* all of Corpus Christi, for petitioners.

*Oscar Spitz* and *Frank J. Onzon,* both of Corpus Christi, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a suit in equity, brought by Simon Grossman and Edward Grossman, as vendees, against Morris Liedeker, as vendor, for specific performance of a contract to convey land. The National Abstract and Title Company, the escrow agent, was made a party defendant, and answered by way of a stakeholder's plea. Morris 5¢ to $1.00 Stores No. 2, Inc. was also made a party defendant because of an alleged leasehold estate in the land which it claimed. Trial was before the court without a jury, and the judgment was rendered that plaintiffs take nothing by

their suit, and that the escrow agent return the purchase money to plaintiffs and the deed to defendant Liedeker. The Court of Civil Appeals reversed the judgment of the trial court, and remanded the cause with instructions to enter judgment for Simon and Edward Grossman. 202 S. W. (2d) 267.

This suit involves the construction of a contract of sale, which is copied in full in the opinion of the Court of Civil Appeals. Paragraph 9 and 10 of that contract read as follows:

"9. Possession of said property shall be given on closing subject to tenants.

"10. It is understood by all parties hereto that time is the essence of this contract and that this deal is to be closed through the National Abstract and Title Company on or before 20 days from this date."

The findings of fact and conclusions of law made by the trial court are very exhaustive, and they are summarized as follows:

### FINDINGS OF FACT.

(1). That a contract was entered into by and between Morris Liedeker, as vendor, and Ed Grossman and Simon Grossman, as vendees, dated January 16, 1945, whereby Liedeker agreed to sell the west 95 feet of Lot 10, Block 34, Bluff Portion of the City of Corpus Christi, Texas, to the Grossmans for a net cash price of $6,000.00. That the contract provided, among other things, that possession of the property was to be given on closing subject to tenants; that time was the essence of the contract; that the deal was to be closed through the National Abstract and Title Company on or before February 5, 1945; and that the consideration was to be paid to vendor upon the execution and delivery of deed to vendees. That after making the contract, Liedeker later notified the Grossmans that he had forgotten that there was a written lease to the Morris 5¢ to $1.00 Stores No. 2, Inc., a private corporation, on a warehouse building on the back end of the lot to be conveyed, and he notified them that he would not go through with the trade unless they gave him easement permitting the lessee corporation to have access to the leased premises. That thereafter the Grossmans executed a letter granting an easement to the Morris 5¢ to $1.00 Stores No. 2, Inc, which was acceptable to Liedeker.

(2). That on January 23, 1945, a representative of the

National Abstract and Title Company called Simon Grossman over the long distance telephone (Grossman was then in Dallas, Texas,) and inquired what Grossman intended to do about the lease; whereupon Grossman advised him to get Liedeker to sign the deed to the property, and upon his return to Corpus Christi he would work out the matter. That upon being informed of this, Liedeker executed the deed to the property and left it with the representative of the National Abstract and Title Company, with instructions that it was not to be delivered until the Grossmans recognized the lease to the portion of the property in question.

(3). That thereafter, on January 29, 1945, Simon Grossman went to the office of the National Abstract and Title Company and delivered to them his personal check in the sum of $5,400.-00, he having previously left with them a $600.00 check as earnest money, and he demanded of the National Abstract and Title Company that they deliver to him the deed previously executed by Liedeker. That the National Abstract and Title Company refused to deliver the deed, for the reason that the vendee would not take the property and accept the deed thereto subject to the lease.

(4). That on February 5, 1945, after the time within which the trade between the parties was to be closed, negotiations were commenced between the parties to the contract to reach an agreement concerning the lease, and these negotiations continued until sometime in April, when Liedeker finally called the deal off. That the last negotiations with reference to the property were in May, when the representative of the National Abstract and Title Company called Liedeker and told him that the Grossmans had finally decided to take the deal "in accordance with your desires." That by this was meant Liedeker's desire as to the extent he was willing to change the written lease, and not as the lease existed on January 16, 1945. That at that time Liedeker advised vendees that he had called the deal off in April, and he did not care to go into the matter further. That this concluded the negotiations between the parties, and thereafter this suit was filed by the Grossmans.

(5).The trial court further found that the vendees had never at any time agreed to the acceptance of the deed subject to the lease of the Morris 5¢ to $1.00 Stores No. 2, Inc., as the same existed on January 16, 1945.

### CONCLUSIONS OF LAW.

(1). That the provision of the contract that possession of the property "shall be given subject to tenants" was a material inducing consideration of the written contract, obligating vendees to accept the property subject to the tenancy of Morris 5¢ to $1.00 Stores No. 2, Inc., and that the vendees failed to perform the contract by refusing to accept the deed subject to such tenancy, and that the failure on the part of vendees to perform the contract prevented them from enforcing same.

(2). That time was the essence of the contract, and under the written terms of the contract it was required that all parties comply with their obligations under the contract on or before February 5, 1945.

(3). That after the essential time limit in the contract had expired without performance by vendees and the recognition by them of the tenants in possession of the property under the written lease, there was an unsuccessful attempt to effect a meeting of the minds of the vendor, the vendees, and the tenant in possession, in respect to a new and different contract from the one written in January, 1945, in each of the following particulars:

(a) A material change in the time of the lease of the tenant in possession in respect to the time and mode of payment by the lessee of its rental.

(b) An easement was sought to be obtained by vendor and the tenant from the vendees which permitted tenants under the lease on the property in question the privilege of passing over such easement.

(4). That the negotiations in respect to the matters above mentioned, which were outside of the provisions of the written contract of January, 1945, required a meeting of the minds of the parties in writing, and that there was no meeting of the minds of the parties upon these matters in an enforcible written contract.

The vendor and vendees executed a contract embracing the conditions upon which the sale of the land would be consummated. The contract provided that possession of the property to be conveyed was "subject to tenants." It also specifically provided "that time is the essence of this contract," and that "this

deal is to be closed * * * on or before 20 days from this date" (January 16, 1945). It is undisputed that tenants occupied part of the land under a contract made with the vendor. The contract here under consideration recognized the rights of tenants who occupied any part of the land under previous contract with the vendor. Having contracted to accept the premises "subject to tenants," it was the duty of vendees to respect the previous lease contract and to close the deal on or before February 5, 1945. It is clear that the parties intended that the terms of the contract should be carried out on or before February 5, 1945. This was not done.

■ Possession of property by a tenant at the time a contract of sale is executed, or at the time the premises are conveyed, puts the prospective purchaser or vendee on notice of the terms of the lease under which the tenant is holding; and this rule applies notwithstanding the fact that the lease contract is not of record. Burford v. Pounders, 145 Texas 460, 199 S. W. (2d) 141; Grossman v. Jones, 157 S. W. 448 (writ refused); Equitable Bldg. & Loan Assn. v. Panhandle Construction Co., 80 S. W. (2d) 779 (writ dismissed); 43 Tex. Jur., p. 668, sec. 393; 66 Corpus Juris, p. 1176, sec. 1021. The vendees knew that the warehouse was or had been used by the Morris 5¢ to $1.00 Stores No. 2, Inc. An inspection would have disclosed that the building contained merchandise belonging to that corporation. Under such facts, and in view of the above rule, the vendees were charged with knowledge of the contents of the lease on the warehouse.

■ Where time is of the essence of a contract, a party must perform or tender performance in strict compliance with the provisions of the contract within the time prescribed, in order to entitle him to specific performance. Ratcliffe v. Mahres, 122 S. W. (2d) 718 (writ refused); 38 Tex. Jur., p. 711, sec. 42; 43 Corpus Juris, p. 144, sec. 88.

■ The Court of Civil Appeals cannot substitute its findings for findings of the trial court, if there is any evidence in the record to sustain the trial court's findings. First State Bank of Temple v. Metropolitan Casualty Ins. Co. of New York, 125 Texas 113, 79 S. W. (2d) 835, 98 A. L. R. 1256; National Bond & Mortgage Corp. v. Davis (Tex. Com. App.), 60 S. W. (2d) 429; G. H. & S. A. Ry. Co. v. American Grocerey Co., 122 Texas 1, 36 S. W. (2d) 985.

■ The evidence supports the judgment of the trial court. This

Court will not set aside a judgment of the trial court unless it can be said, as a matter of law, that there was no evidence of a probative nature to support such judgment. Gulf Production Co. v. Continental Oil Co., 139 Texas 183, 197, 164 S. W. (2d) 488; Merrell et ux. v. Dorothy Hume Timmons et vir, 138 Texas 250, 158 S. W. (2d) 278; Beer v. Landman, 88 Texas 450, 31 S. W. 805; 11 Tex. Jur., p. 871, sec. 113.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered December 3, 1947.

Rehearing overruled December 31, 1947.