**SMITH et al. v. SMITH.**

No. 3086.

Court of Civil Appeals of Texas. Waco.

April 16, 1953.

Rehearing Denied May 7, 1953.

Merrill & Scott, Houston, for appellants.

Vinson, Elkins, Weems & Searls, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal involving conflicting claims of the parties to be appointed to administer the estate of F. C. Smith, deceased. Appellants claim this right as surviving brother and sister, while Appellee claims the right as surviving common law wife. Appellee was, over objection, permitted to testify as to her agreement with deceased to live as man and wife, and to other transactions between herself and the deceased. The Trial Court overruled Appellants' Motion for an Instructed Verdict and submitted the case to a jury, which found: 1) That Appellee and deceased, between 6 September 1919 and 27 December 1922 mutually agreed and consented to become husband and wife; 2) In pursuance to that agreement they lived and cohabited together as husband and wife; 3) That

Appellee and deceased held each other out to the public as husband and wife. The Trial Court rendered judgment finding the existence of a common-law marriage and appointing Appellee administratrix. Motions for new trial were overruled and Appellants appeal on 17 points, but which present 2 basic questions to be determined upon this appeal, viz:

1) Is there in the record any evidence to support the verdict of the jury to the effect that there was a common-law marriage between Appellee and deceased, and

2) Does the Dead Man's Statute, Vernon's Ann.Civ.St. Art. 3716, apply to this cause and prohibit Appellee from testifying to transactions between herself and deceased.

The Appellants contend in connection with the 1st question presented that even if Appellee and deceased had made the agreement to live as man and wife, and may have lived together thereafter, that the evidence was insufficient to establish that it was as man and wife; and that the evidence was insufficient to establish that mutual, general, and public holding out necessary for the existence of a common-law marriage; and that the jury's finding is so against the great weight and preponderance of the evidence as to be manifestly wrong.

Texas is a state which recognizes common-law marriages. In order to establish such a marriage there must be proof that the parties between whom the marriage is sought to be established: 1) Entered into an agreement to become man and wife; 2) That such agreement was followed by cohabitation as man and wife; 3) That they held each other out professedly and publicly as their respective spouses. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124.

In the case at bar the jury found the existence of all 3 of the required constituent elements. Therefore, if there is *any* evidence in the record that supports the verdict of the jury on the facts, then the judgment of the trial court on this verdict should be affirmed. The evidence must be considered in determining this point in its most favorable light to the verdict and judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d

1114; Lehman v. Barry, Tex.Civ.App., 126 S.W.2d 499, er. dis.; Early v. Isaacson, Tex.Civ.App., 31 S.W.2d 515, er. ref.; Liedeker v. Grossman, 146 Tex. 308, 206 S.W. 2d 232.

It is undisputed that Appellee and F. C. Smith had an agreement that they would become man and wife, and that they lived together thereafter as such. Was there, then, any evidence of a mutual, general, public holding out on the part of Appellee and deceased that they were man and wife? The jury found in the affirmative. This record reflects that they lived together for about 32 years—and together at the residence at which deceased died, from 1938 until his death in August 1951. The record reflects that the witness Mrs. Guidry testified that she lived in the same neighborhood; that Appellee was known as Mrs. Smith; that Appellee and deceased lived together at the house where deceased died for 13 years prior to his death; that Appellee and deceased were known in the community as husband and wife; that Appellee was the only one who took care of deceased when he was sick. The witness Phair testified that he lived in the neighborhood; that he knew Appellee as Mrs. Smith; that he was their landlord; that the operation of their household was that of man and wife; that Appellee cooked deceased's meals; that Appellee took care of deceased when he was sick; that they went places together; that they were affectionate toward each other; that F. C. Smith referred to Appellee as his wife. The witness Mrs. Busby was introduced to Appellee as "Mrs. Smith" and she so treated and referred to her; deceased told her he had provided for Appellee financially and that she would not have to work. Appellee attended deceased in his illness in a manner that only the fidelity of a loyal and loving wife would have done. Appellee and deceased lived together, worked together, accumulated money and property together, jointly invested their money, treated each other in the presence of their neighbors as husband and wife ordinarily treat each other, spoke to each other in the presence of neighbors as husband and wife ordinarily speak to each other. They cooked

and ate together under the notice and observation of their neighbors; they were recognized by their neighbors as being husband and wife; their reputation in the community where they lived was that of husband and wife and they were so regarded by their neighbors. There is so much evidence which comports Appellee's and deceased's conduct with husband and wife relation that space will not permit its recitation and review.

 We hold that there is an abundance of evidence in this record to justify submission of the issues to the jury, and to support the jury's finding thereon.

Appellants contend in connection with the second question presented that this case comes within the extending terms of Art. 3716, and for such reason Appellee should not have been permitted to testify as to any transactions with the deceased.

We cannot sustain Appellants' contention, but even if we could, Appellants have waived their objections to the evidence by their detailed cross-examination of Appellee. Reynolds v. Porter, Tex.Civ.App., 54 S.W.2d 1086; Dunn v. Peters, Tex.Civ. App., 126 S.W.2d 997.

A proceeding for the appointment of an administrator is not an action by or against *executors, administrators*, or *guardians* in which judgment may be rendered against them as such. Nor is it an action by or against the *heirs* or *legal representatives* of a decedent. It is a contest between the parties for the *right* to administer upon the estate. The right Appellee herein had to administer the estate of F. C. Smith, deceased, grows out of her relation to deceased as surviving wife, and not as an heir. Ingersol v. McWillie, 9 Tex.Civ.App. 543, 30 S.W. 56, er. ref.; Walton v. Walton, Tex.Civ.App., 191 S.W. 188. See also: Aldana v. Aldana, Tex.Civ.App., 42 S.W.2d 661, er. dis.; Manire v. Burt, Tex.Civ.App., 121 S.W.2d 630, er. ref.

. The terms of the statute will not be extended to embrace those not especially named therein, even though the *reasons* for embracing them be equally as strong as those which existed for including the persons expressly designated. Newton v. Newton, 77 Tex. 508, 14 S.W. 157.

. The object of the lawsuit in the case at bar is *not* to divide the property of deceased or to determine those entitled to it. It is to determine *who* shall be entitled to administer his estate. If the *Appellee* is the common law wife of deceased, *she* as surviving widow is entitled to administer the estate. The controlling question for determination therefore is; *Was Appellee the common-law wife of deceased?* This is not a suit by or against an *heir* or *legal representative* of the deceased. It is not a suit by or against an *executor, administrator*, or *guardian*. An adverse judgment was not and could not have been rendered in this cause against an *heir* or *legal representative*, or against an *executor, administrator* or *guardian*. Appellants are not making claim to the right to be appointed to administer this estate as the *heirs* of F. C. Smith. They claim the right to be appointed because they say they are the next of kin to deceased.

We hold that Art. 3716 does not prohibit Appellee from testifying as to statements by and transactions with the deceased, F. C. Smith.

. All of Appellants' points are overruled and the judgment of the Trial Court is affirmed.

TIREY, J., not participating on account of illness.