## HALLUM et al. v. PINKERTON.

### No. 14775.

Court of Civil Appeals of Texas.

Dallas.

April 9, 1954.

Rehearing Denied May 14, 1954.

F. G. Swanson, Tyler, for appellants.

Justice, Justice & Rowan, Athens, for appellee.

DIXON, Chief Justice.

Appellants Laura Bell Hallum and her minor grandson Limmie Lewis McCowin have appealed from a judgment for $815.93 and foreclosure of a vendor's lien rendered against them in favor of appellee C. B. Pinkerton.

The suit was based on three promissory notes each dated August 12, 1935 and each in the principal amount of $116.66, the notes being payable respectively on November 1, 1936, 1937 and 1938. These notes were executed by Elzie B. Hallum, now deceased, husband of appellant Laura Bell Hallum and grandfather of Limmie Lewis McCowin as part payment of farm land purchased by Elzie B. Hallum from Andy Stubblefield as evidenced by warranty deed. The notes and lien were later transferred by Stubblefield to the First National Bank of Athens, Texas, and by the Bank to appellee Pinkerton.

On November 12, 1941 these notes and the liens securing them were renewed and extended by a written instrument signed by Elzie Hallum, Laura Bell Hallum and C. B. Pinkerton, the new maturity dates being November 1, 1941, 1942 and 1943 respectively. Elzie. B. Hallum died in October 1944. This suit was filed October 3, 1946 by appellee Pinkerton against Laura Bell Hallum, Areto McCowin and husband Ray McCowin. Areto McCowin was the daughter of Elzie and Laura Bell Hallum. While the suit was pending Areto McCowin died and her child Limmie Lewis McCowin, a minor, was made a party defendant.

Appellants' first three points assert that the preponderance of the evidence shows that appellee failed to allow appellants certain credits for payments made on the notes. Specifically the alleged credits are: five milch cows turned over to appellee in 1944; two loads of corn valued at $50 turned over to appellee for credit on the notes; and a cash payment of $100 evidenced by a receipt dated October 25, 1943.

The evidence pertaining to the alleged credits is conflicting. Appellee testified that the cows belonged to him, not to Elzie Hallum, and that he had allowed them to remain on the farm under an agreement whereby Elzie Hallum would be allowed to milk them and keep the milk; that the $50 for the two loads of corn was applied on the hospital bill incurred by Elzie Hallum during his last illness; and that the receipt for $100 dated October 25, 1943 was really for an earlier payment of $100 received from Elzie Hallum for which credit had already been given. The evidence shows that Elzie and Laura Bell Hallum were both in the Panhandle of Texas picking cotton earlier in 1943. Appellee testified that Elzie had then sent him a postal money order for $100 for which he was duly credited on the first note. Later when the Hallums returned home they were given the receipt dated October 25, 1943, though they had already been credited with the payment.

The trial court was not requested to file and did not file findings of fact and conclusions of law. Therefore we must, as a matter of law, presume that the trial court resolved every disputed fact issue in favor of the appellee. North East Texas Motor Lines v. Dickson, 148 Tex. 35; 219 S.W.2d 795, 11 A.L.R.2d 1065. In nonjury trials the trial judge must pass on the credibility of the witnesses and the weight to be given their testimony; and his decisions thereon, if they find support in the evidence, are binding on this Court. Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232. Appellants' points one, two and three are overruled.

In their fourth point appellants say that appellee's cause of action was barred by limitations. Under the extension agreement of November 12, 1941 the maturity dates of the notes were November 1, 1941, 1942 and 1943 respectively. Suit was filed October 3, 1946. This was more than four years after the maturity date of the first note. However from the testimony it is evident that appellee elected to apply payments and credits first to the retirement of the note due November 1,

1941. This he had a right to do in the absence of any directions from the payors as to how credits were to be applied. Herring-Turner Hardware Co. v. Park, Tex.Civ.App., 123 S.W.2d 983; 32 Tex. Jur. 679. The effect of so applying the said payments and credits was to accomplish the payment in full some time in 1943 of the note due November 1, 1941. Thus the question of limitations is eliminated as to the first note. Suit was filed within four years of the maturity date of the other notes, so a plea of limitations is not good as to them. Appellants' fourth point on appeal is overruled

Appellants attack the validity of another agreement dated June 28, 1945 which undertook to extend the maturity dates of the notes to November 1, 1945, 1946 and 1947 respectively. This agreement is signed by Laura Bell Hallum and her daughter Areto McCowin, but is not signed by the latter's husband Ray McCowin. But the question is immaterial to the outcome of this suit. Even if the attacked instrument is admitted to be invalid, as claimed by appellants, and is eliminated from consideration, appellants' plea of limitations cannot be upheld.

The judgment of the trial court is affirmed.