G. D. CAIN et al., Appellants

v.

Bethel CAINE et al., Appellees.

No. 3555.

Court of Civil Appeals of Texas.

Waco.

April 24, 1958.

Rehearing Denied June 5, 1958.

138

Alfred H. Summers, Palestine, for appellants.

B. R. Reeves, McCain, McCain, Stanford & McDonald, Palestine, for appellees.

McDONALD, Chief Justice.

This is a trespass to try title suit to determine the heirs of Joe Cain, deceased, and to determine the right of title and possession of three tracts of land. The land in controversy belonged to Joe Cain at the time of his death. Parties will be referred to as in the Trial Court. Plaintiffs are the children of the marriage of Joe Cain and Lucy Cain. Defendants contend that they are the children of Joe Cain and Lottie Patterson; that Joe Cain and Lucy Cain were divorced in 1933; that thereafter Joe Cain moved in with Lottie Patterson; entered into a common law marriage with her; recognized defendants as his children; and continued such until his death in 1945.

Trial was before the court without a jury, which found that defendants were the children of Joe Cain, deceased, by Lottie Patterson, and that Joe Cain entered into a common law marriage with Lottie Patterson after his divorce from his first wife, Lucy Cain, and recognized defendants as his children. The Trial Court entered judg-

ment that defendants inherit through their father their proportionate share of the land in controversy.

Plaintiffs appeal, contending: 1) The judgment of the Trial Court should be reversed and judgment rendered for plaintiffs because defendants failed to prove two of the three elements necessary to constitute "common law marriage", namely, an "agreement" and a "holding out to the public of each other as man and wife".

The principal issue in this case is whether or not Lottie Patterson, mother of the defendants, and Joe Cain entered into a valid common law marriage.

■ The essential elements of a common law marriage are: 1) An express or implied agreement to enter into marriage; 2) cohabitation as husband and wife; 3) holding themselves out to the public as being married. Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1; Smith v. Smith, Tex.Civ.App., 257 S.W.2d 335, W/E Ref. NRE.

■ The Trial Court found that they did so enter into a valid common law marriage. Therefore, if there is any evidence in the record that supports the Trial Court's finding, then the judgment should be affirmed. The evidence must be considered, in determining this point, in its most favorable light to sustain the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Lehman v. Barry, Tex. Civ.App., 126 S.W.2d 499, Er. Dis.; Early v. Isaacson, Tex.Civ.App., 31 S.W.2d 515, Er.Ref.; Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232.

The record reflects and it is in evidence that Joe Cain and Lucy Cain were married in 1900 and that plaintiffs are the children of this marriage; that Lottie Patterson lived nearby and that Joe Cain cohabited with Lottie Patterson; built a house for her; kept her up; that she gave birth to the defendants; that she said Joe Cain was their daddy; that Joe Cain acknowledged that he was their daddy; that they called

him daddy; that the entire community recognized Joe Cain as their daddy. In 1933 Lucy Cain and Joe Cain were divorced. Thereafter Joe Cain moved over into the house with Lottie Patterson, and cohabited with her as husband and wife until his death in 1945. Everybody in the county knew Lottie's children were Joe Cain's and so always acknowledged them as such. After 1933 and after Joe Cain moved in with Lottie he held her out to the community as his wife. Joe Cain and Lottie listed each other as husband and wife in insurance policies that they took out. After Joe Cain and Lottie had been living together as husband and wife for some five years subsequent to 1933, Joe, in Lottie's presence, consulted a judge at the courthouse in Palestine relative to their status and the judge, after questioning them and looking into a law book, advised them that they were married. Joe Cain and Lottie agreed to live together as husband and wife—lived together as such for some twelve years; told people that they were husband and wife; introduced each other as husband and wife at church.

■ While the record is long, some 371 pages, and many witnesses testified, and the evidence is in points conflicting, nevertheless, under the rules recited, there is an abundance of evidence which supports the Trial Court's judgment and which supports the three requisite elements for a common law marriage. We have considered this record very carefully, and have weighed the sufficiency of all of the evidence, and conclude that the findings and judgment herein are not against the great weight and preponderance of the evidence.

■ In this cause the Trial Court entered a default judgment against three of these defendants on 11 December 1956. Thereafter on 26 February 1957 the parties against whom default judgment was entered answered in the cause and on 18 April 1957 motion was filed to set aside the default judgment. The Trial Court heard evidence on such and set such default judgment aside and reinstated the three defendants against

whom default judgment had been entered as defendants in the case. The Trial Court found that these defendants had failed to file an answer through the error or mistake of their counsel and through no fault of the defendants involved. The record reflects that the case was not postponed by reason of filing of the motion to set aside the default judgment and plaintiffs forfeited no rights by reason thereof. We think the Trial Court acted within the discretion accorded him by Rule 320, Texas Rules of Civil Procedure.

All of plaintiffs' points and the contentions thereunder are overruled and the judgment of the Trial Court is affirmed.

HALE, J., took no part in the consideration or disposition of this case.