**Buddy GERLACH, Appellant,**

v.

**W. W. BARNES, Appellee.**

**No. 6924.**

Court of Civil Appeals of Texas.

Amarillo.

March 21, 1960.

R. D. Oswalt, Vernon, for appellant.

Poteet & Pruitt, Vernon, for appellee.

DENTON, Chief Justice.

This is an appeal from a suit brought by appellant, Buddy Gerlach, against appellee, W. W. Barnes, in which appellant sought to recover damages for an alleged breach of an oral contract. It was appellant's contention that he was induced to purchase central cooling and heating systems from appellee because of certain false representations concerning the operation and performance of the heating and cooling units which were installed in appellant's houses. The case was tried before a jury, and the trial court rendered a judgment based on the jury's answers to the special issues submitted, favorable to appellee and against appellant.

In answer to the special issues pertaining to the house occupied by the appellant, the jury found: the appellee, Barnes, did not represent that the cooling system was of sufficient capacity to keep the appellant's houses reasonably cool in the summer; that appellee likewise did not represent the unit would keep the house warm in the winter; that the system was not of sufficient capacity to keep the house cool in the summer; but that it was sufficient to warm the house in the winter; that appellee made no agreement to the effect that if the system did not function properly the system would cost appellant nothing. As to the other house owned by appellant and occupied by appellant's daughter and son-in-law, the jury found the cooling and heating system adequate for both heating and cooling; and that no false representations were made. In answer to another special issue, the jury found that the cooling system would not have reasonably cooled appellant's house even though it had been operated in accordance wtih instructions given by appellee's representations. Other issues submitted and answered by the jury are not deemed material to the disposition of this case.

Appellant brings forward six points of error. As we interpret appellant's points, he is contending the verdict and judgment are not supported by competent and sufficient evidence, and that there is a conflict of answers to certain special issues submitted.

We shall first consider the appellant's point concerning an alleged conflict of answers to various special issues. Ap-

pellant contends there is a conflict in the answers to Special Issues Nos. 7 and 7B. The jury found in answer to Special Issue No. 7 that appellee Barnes did not agree that if the system did not cool and heat properly the system would cost appellant nothing. Special Issues 7A and 7B were conditionally submitted upon the jury answering Special Issue No. 7 in the affirmative. This issue was answered in the negative and Special Issue No. 7A was unanswered. The court's charge as brought forward in the transcript also shows Special Issue 7B was unanswered. However, the judgment as it appears in the transcript shows the jury answered Special Issue No. 7B "Yes." This answer had the effect of finding the agreement referred to in Issue No. 7 was a material inducement to appellant to purchase the equipment. This is an obvious typographical error. However, assuming that Issue 7B was answered in the affirmative, it could not be said to be in conflict. It being conditionally submitted, and correctly so, the primary issue upon which it was based was answered in the negative, thus not calling for an answer to Issues 7A and 7B.

Appellant contends there is an additional conflict of answers when the jury found in answer to Special Issue No. 21 that the unit in appellant's residence would not have reasonably cooled the house even though it was operated according to the instructions. As stated above, this is a suit for actionable fraud based on false representations concerning the operations of the central cooling and heating systems. In light of the jury's findings that no such false representations were made, we are of the opinion that there is no material conflict of answers to Special Issue No. 21 and other issues referred to. We therefore overrule appellant's fifth point of error.

Appellant's other five points of error deal with the sufficiency of the evi-

dence to support the verdict and judgment. The rule is well established in this State that the judgment of the trial court will not be set aside if there is any evidence of a probative nature to support it, and that a Court of Civil Appeals can not substitute its findings for those of the trial court if there is any evidence in the record to sustain the trial court's findings. Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232; 3B Tex.Jur. 457, Sec. 941. The record before us is quite voluminous. The statement of facts is some 460 pages long, and it would unduly lengthen this opinion to discuss the testimony in detail. Several lay witnesses and experts testified for both parties as to the installation and performance of the heating and cooling units in question. As is often the case, the testimony in many respects was conflicting. Both appellant and his wife testified to the ineffectiveness of the heating and cooling system. Two of their neighbors testified the house occupied by appellant was not sufficiently cool on several occasions when they visited in the home, and when they made visits in the winter the house was not warm. Donald L. Read, a consulting engineer, testified to the deficiencies of the systems in question. He testified that in his opinion the heating and cooling units in question were not properly installed, and were not of sufficient capacity to properly perform as required. On the other hand, appellee produced the manufacturer's representative, and the man who installed the system to testify as to the efficiency of the units in question. The jury resolved the conflict in the testimony in favor of the appellee, and we can not say the verdict was not supported by evidence of probative nature. After reviewing the record and considering all points of error presented, we are of the opinion no reversible error is shown.

The judgment of the trial court is affirmed.