MATTER OF ALVAREZ-QUINTANA

In Deportation Proceedings

A-19825726

*Decided by Board January 12, 1973*

(1) Under the laws of Mexico, a religious marriage is not legally recognized in that country; civil authorities have exclusive jurisdiction to perform legal marriages.

(2) For recognition in Texas of a common law marriage the parties to which are nondomiciliaries of the State, the parties must enter into a new agreement in that State to consider themselves as man and wife. A temporary sojourn in Texas by the nondomiciliary parties to a common law marriage does not result in the recognition in that State of the common law marriage where such a visit was without the intention of acquiring residence in Texas.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

ON BEHALF OF RESPONDENT: George A. McAlmon, Esquire
508 Southwest National Bank Bldg.
El Paso, Texas 79901
(Brief filed)

This is an appeal from an order of deportation entered by the special inquiry officer finding that respondent was an alien, not a citizen of the United States. From this finding, respondent appeals. The appeal will be dismissed.

The record relates to a married male born September 4, 1945 in Fronteras, Chihuahua, Mexico to Genaro Alvarez and Ana Maria Quintana. Genaro Alvarez, the father, has always been a citizen of the United States. Ana Maria Quintana, the mother, now deceased, was never a citizen of the United States. A certificate evidencing a religious marriage between Genaro Alvarez and Ana Maria Quintana, dated September 11, 1947, is part of the record. The document states that according to the records of the parish of San Ignacio, diocese of Ciudad Juarez, an ecclesiastical marriage was celebrated in San Ignacio on September 11, 1947 with a priest officiating. Religious marriages, however, are not legally recog-

nized in Mexico because the Mexican Constitution provides that civil authorities have exclusive jurisdiction to perform legal marriages. Therefore the religious ceremony was not sufficient to create the legal relationship between respondent and his father which would enable respondent to acquire United States citizenship through his United States citizen father.

Respondent does not base his claim on the religious marriage, however, but claims that his parents entered into a valid common law marriage in Texas, and that by this marriage he was legitimated.

Texas is a state which recognizes common law marriages. In order to establish such a marriage there must be proof that the parties . . . (1) entered into an agreement to become man and wife, (2) that such agreement was followed by cohabitation as man and wife, (3) that they held each other out professedly and publicly as their respective spouses, *Smith* v. *Smith*, 257 S.W.2d 335 (Court of Civil Appeals, 1953).

The religious marriage certificate establishes an agreement between the parties to consider themselves as man and wife. However, the record contains no evidence except the present testimony of respondent's father that respondent's mother was ever in Texas. No supporting evidence was presented to substantiate this statement, and the father claimed that none was available although respondent's mother allegedly was employed in the United States on numerous occasions for one or two months at a time (Tr. of hearing, p. 25, line 2). The record also contains no evidence except the present testimony of respondent's father that he and respondent's mother ever held themselves out as husband and wife in Texas. No witnesses were presented who knew them as such in Texas.

In respect to what has to be established to prove that a common law marriage existed in Texas the decisions differentiate between domiciliaries and nondomiciliaries. For Texas domiciliaries, they have held that continued cohabitation may show the agreement. For people from out of state whose relationship was meretricious outside the State of Texas, it continues to be meretricious in Texas unless a new agreement within Texas is shown, *Tatum* v. *Tatum*, 241 F.2d 401 (C.A. 9, 1957). In this case, the record is bare of any evidence of a new agreement to marry during the periods that both were allegedly present in Texas.

It has also been held that a temporary sojourn in Texas by nondomiciliaries does not result in a common law marriage where such a visit was without the intention of acquiring residence in Texas, *Marek* v. *Flemming*, 192 F. Supp. 528 (S.D. Tex., 1961). The case before us concerns a couple whose domicile was in Mexico, who allegedly entered Texas together for brief periods to take

temporary jobs, but who had no intention to acquire residence in Texas.

For these reasons we hold that a common law marriage in Texas has not been established in this case.

**ORDER:** The appeal is dismissed.

*It is further ordered* that the respondent be permitted to depart from the United States voluntarily within 30 days following the date of this order and any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.